**STATE of Utah, Plaintiff and Respondent,**

v.

**Robert J. BYWATER, Defendant and Appellant.**

No. 20780.

Supreme Court of Utah.

Oct. 14, 1987.

Joseph C. Fratto, Jr., Salt Lake City, for defendant and appellant.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

■ Defendant was charged with two counts of sodomy upon a child and one count of sexual abuse of a child. He entered a negotiated plea of guilty to one count of sodomy upon a child, a first degree felony, in violation of Utah Code Ann. § 76–5–403.1 (Supp.1987). The remaining two counts were thereupon dismissed. The trial court imposed a minimum mandatory sentence of not less than ten years, the term of middle severity prescribed by subsection 76–5–403.1(2).

Defendant's first two points on appeal constitute challenges to the constitutionality of the minimum mandatory sentencing scheme. His contentions are that the sentencing scheme interferes with the inherent power of the court to impose sentences and the power of the Board of Pardons to commute sentences. The decision of this Court in *State v. Bishop,*[1] which upheld the constitutionality of the minimum mandatory sentencing scheme at issue here against challenges grounded upon Utah's constitutional separation of powers doctrine, decided these issues in favor of plaintiff, and we treat the issues no further.

■ Defendant's remaining point on appeal is that the trial court erred in failing to make specific findings of fact and to articulate the standard of proof applied in reaching the determination that the sentence of middle severity should be imposed.

During the sentencing proceeding, defendant offered no evidence of the existence of any mitigating circumstances. Rather, he argued against imposition of a minimum mandatory sentence of any term, urging instead that the offense be reduced one degree to that of a second degree felony punishable by not less than one or more

1. 717 P.2d 261 (Utah 1986).

than fifteen years.[2]   Alternatively, he argued against imposition of the maximum term of severity, which is fifteen years.

The State argued in favor of imposition of the maximum term of severity, citing as aggravating circumstances the stepfather relationship with the twelve-year-old victim and the number of illegal sexual acts engaged in by defendant over a substantial period of time.

At the end of the sentencing proceeding, the trial court concluded:

> The Court: Based on what has been represented to the Court, and based on the presentence and 90-day diagnostic evaluation, the Court is of the opinion that the defendant should be committed to the Utah State Prison for a minimum term of ten years and that he undergo their revamp program while he's at the Utah State Prison.
>
> I believe, in reading the 90-day evaluation, he has admitted to a number of things, and I think in the report also there are indications of his conduct in relationship to the victim that gives the Court, I think, enough information to impose the sentence of the minimum of ten years to life in the state prison.
>
> Mr. Fratto: Very well.
>
> [Proceeding concluded.]

It is thus clear from the record that defendant accepted without challenge the reasons stated by the trial court for imposing the sentence of a term of middle severity.   The issue not having been raised in the trial court, the longstanding rule of appellate review precludes the issue from being raised for the first time on appeal.[3]

Affirmed.

I. DANIEL STEWART, Associate C.J., and HOWE, J., concur.

DURHAM, Justice: (dissenting).

For the reasons set forth in my dissent in *State v. Egbert*, 748 P.2d 558 (Utah 1987), I dissent in this case.

ZIMMERMAN, Justice: (dissenting).

For the reasons set forth in my dissent in *State v. Egbert*, 748 P.2d 558 (Utah 1987), I dissent from the affirmance of the sentence.   I would reduce it to the minimum mandated by the statute.

---

**2.**  Utah Code Ann. § 76–3–402(1) (Supp.1987).

**3.**  *E.g., State v. Robbins,* 733 P.2d 132, 133 (Utah 1987) (per curiam).