**Blanchette POTTER, Plaintiff and Appellee,**

v.

**George POTTER, Defendant and Appellant.**

**No. 910396–CA.**

Court of Appeals of Utah.

Jan. 14, 1993.

Clark R. Nielsen and Stephen L. Henroid, Salt Lake City, for defendant and appellant.

Paul D. Lyman, Richfield, for plaintiff and appellee.

Before BILLINGS, GREENWOOD and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Appellant, George Potter, appeals the property division and attorney fees award provisions of the parties' final divorce decree. We remand for further findings of

fact relative to the property distribution and the attorney fees award.

## BACKGROUND

Mr. Potter and appellee, Blanchette Potter, were married in December, 1988. At the time of their marriage, both parties owned their own houses. Initially, they moved into the house Ms. Potter owned, known as the Forsey house. In December, 1989, the parties separated, and Mr. Potter left the Forsey house for almost six months. During the separation, Mr. Potter lived in a house he had purchased prior to the marriage, known as the Glenwood Road house. Mr. Potter moved back into the Forsey house in June 1990. In December 1990 Ms. Potter moved out. From December 1990 until June 1991, Ms. Potter lived in the Murphy house, an investment property which the parties purchased during the marriage.

During the spring and early summer of 1990, the parties remodeled the Glenwood Road house in preparation for its sale. Ms. Potter testified she used her decorating skills to enhance the value of the Glenwood Road house. Mr. Potter disputed the financial value of Ms. Potter's contribution to the house's selling price. From the net proceeds of the sale of the Glenwood Road house, the parties purchased the Murphy house and paid $5,000.00 toward the mortgage obligation Ms. Potter owed on the Forsey house in order to avoid its foreclosure. In addition, Mr. Potter paid off a $6,500.00 debt on Ms. Potter's Mercury automobile. Ms. Potter traded in the Mercury for a Lincoln Continental, and Mr. Potter contributed $8,000.00 toward its purchase. When the Lincoln Continental was wrecked, insurance proceeds and a $14,000.00 loan were used to purchase a Cadillac for Ms. Potter.

The parties filed for divorce, and at trial both parties presented conflicting evidence regarding their relative contributions to premarital and marital assets and the values of those assets. The Findings of Fact lists in summary fashion the assets and the award of each as follows:

3. The Forsey home ... was [Ms. Potter's] prior to the marriage and along with its obligations, is awarded to [her].

4. The Murphy house ... was purchased as an investment by the parties during the marriage and, along with its obligations, is awarded to [Mr. Potter].

. . . . .

5. The parties' Cadillac is awarded to [Ms. Potter], along with its outstanding obligation. All other vehicles are awarded to [Mr. Potter].

. . . . .

12. [Mr. Potter] is to pay $1,000.00 towards [Ms. Potter's] attorney's fees....

The court provided no other analysis or underlying reasoning for its decision.

## ISSUES

The issues presented on appeal are the following: (1) Did the trial court's division of assets without adequate supporting findings of fact constitute an abuse of discretion? and (2) Did the award of attorney fees to Ms. Potter without supporting findings of fact constitute an abuse of discretion?

## ANALYSIS

### Property Distribution

 Trial courts are given considerable discretion in creating equitable orders that divide marital estates. *Roberts v. Roberts*, 835 P.2d 193, 198 (Utah App.1992); *Munns v. Munns*, 790 P.2d 116, 118 (Utah App.1990). Property distribution determinations will not be disturbed on appeal if the trial court has followed standards set by this state's appellate courts. *Roberts*, 835 P.2d at 198; *Dunn v. Dunn*, 802 P.2d 1314, 1317 (Utah App.1990). One standard set by Utah appellate courts is that trial courts must adhere to the requirements of Utah Rule of Civil Procedure 52 which states: "In all actions tried upon the facts without a jury[,] ... the court shall find the facts specially and state separately its conclusions of law thereon." This requirement allows a reviewing court to discern the trial court's reasoning process and follow its analysis as it equitably distributes

the parties' assets. *See Rucker v. Dalton*, 598 P.2d 1336, 1338 (Utah 1979) ("findings should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached"). Furthermore, under Rule 52, divorce cases are the only category in which findings of fact and conclusions of law may not be waived. Utah R.Civ.P. 52(c).

■ The trial court's property distribution must be based on findings which "place a dollar value on the distributed assets" and liabilities. *Munns*, 790 P.2d at 119. This requirement is particularly important where each party brought assets to the marriage and then upon divorce, each party claims to have made a substantial investment in their spouse's premarital assets and each disputes the values of both the investments and the resulting assets.

This case presents a scenario in which Ms. Potter and Mr. Potter each brought assets into the marriage and claim to have enhanced the value of those assets either through monetary contribution or personal services. The evidence and testimony in the record are contradictory. The findings of fact do not provide a clear picture of the basis upon which the trial court resolved the disputed issues. There is no determination of the dollar value of either the premarital or marital assets. No mention is made of the value of Ms. Potter's decorating services as compared to Mr. Potter's monetary contributions from premarital assets. This court is presented with a cursory factual determination with no underlying reasoning as to the trial court's decision.

■ Ms. Potter's counsel argues that Mr. Potter should not be allowed to complain about the property distribution because his trial counsel failed to request further findings when the trial court asked if any were desired. We do not agree. Rule 52(a) expressly provides that "[r]equests for findings are not necessary for purposes of review." *Both* trial counsel and the trial court collectively share responsibility to ensure that legal requirements are satisfied by entry of adequate findings. Moreover, the prevailing party has a greater incentive than the opposition to ensure the adequacy of findings in order to protect the court's order on appeal. Because we determine that the findings are inadequate on the property distribution issues, we remand this case to the trial court for further factual findings.[1]

### Attorney Fees

■ An attorney fees award "must be based on evidence of the financial need of the receiving spouse, the ability of the other spouse to pay, and the reasonableness of the requested fees." *Bell v. Bell*, 810 P.2d 489, 493 (Utah App.1991). The basis for the fee award and amount thereof are decisions that fall within the trial court's discretionary powers. *Id.* To permit review of the trial court's ruling on attorney fees, appellate courts have insisted on adequate findings to explain the award. *Id.* at 494.

■ At trial the court awarded $1,000.00 in attorney fees to Ms. Potter without explanation as to how it arrived at this amount. Ms. Potter testified that she did not have enough money to pay her fees, and her attorney put on evidence regarding the fees' reasonableness. He testified to $3,600.00 in reasonably incurred attorney fees. Mr. Potter neither objected to the reasonableness of the amount testified to by Ms. Potter's attorney nor refuted his ability to pay. Mr. Potter's attorney stated that he would leave the determination up to the court. Now on appeal, Mr. Potter argues that the fee award is unsupported by adequate factual findings. Evidence is available in the record to support findings that Ms. Potter had need for assistance in paying her fees, that Mr. Potter had the ability to pay, and that $1,000.00 or more in attorney fees was reasonable. There is no evidence to contradict such findings. The problem remains, however, that no such findings were made and Rule 52(c) does not

---

1. Because we remand, we do not address Mr. Potter's argument that he was not properly credited with his investments in the parties' assets. However, because we lack the trial court's valuations of the assets and the parties' relative contributions to those assets, we cannot ascertain whether the division constitutes an abuse of discretion.

allow for their waiver. Once again, either parties' counsel could have easily rectified the omission, but did not. Nevertheless, because Mr. Potter's attorney expressly left the fee determination to the trial court, and the determination made was well within the range of sound discretion given the evidence, the failure to enter findings constitutes harmless error.

Ms. Potter also requests fees on appeal. "Generally, when the trial court awards fees in a domestic action to the party who then substantially prevails on appeal, fees will also be awarded to that party on appeal." *Lyngle v. Lyngle*, 831 P.2d 1027, 1031 (Utah App.1992); *see also Sorensen v. Sorensen*, 839 P.2d 774, 778, 183 Utah Adv. Rep. 13, 16 (Utah 1992). In this case, however, although both parties bear some responsibility for the deficiencies in the original findings, Mr. Potter has substantially prevailed on the property issues by our order remanding for further findings of facts. Ms. Potter has prevailed on the attorney fees awarded at trial issue. We note further that the attorney fees awarded at trial were only a portion of those incurred by Ms. Potter, the trial court apparently finding that she had the financial ability to bear some of those costs herself. We, therefore, remand the issue of Ms. Potter's entitlement to attorney fees incurred on appeal to the trial court for its consideration. The trial court should then take into account the disposition on appeal, the fact that only partial fees were awarded at trial, and any changes in the parties' financial situations which have occurred since the time of the original decree.

## CONCLUSION

In summary, because the trial court did not enter sufficient findings of fact on issues of property distribution, we remand for adequate findings. We also remand for findings and an order regarding any attorney fees to be awarded to Ms. Potter on appeal.

BILLINGS and ORME, JJ., concur.