STATE of Utah, Plaintiff and Appellee,

v.

Troy LABRUM, Defendant and Appellant.

No. 930235–CA.

Court of Appeals of Utah.

Aug. 16, 1994.

Rehearings Denied Sept. 7 and Sept. 14, 1994.

Robert K. Heineman (argued), Salt Lake Legal Defender Ass'n, Salt Lake City, for appellant.

Jan Graham, State Atty. Gen., Thomas B. Brunker (argued), Asst. Atty. Gen., Salt Lake City, for appellee.

## OPINION

Before ORME, Associate P.J., and BILLINGS and DAVIS, JJ.

ORME, Associate Presiding Judge:

Defendant Troy Labrum appeals his conviction for attempted criminal homicide, a second degree felony.[1] We affirm the conviction, but clarify the calculation of defendant's sentence.

## FACTS

"We recite the facts in the light most favorable to the jury's verdict." *State v. Cosey,* 873 P.2d 1177, 1178 (Utah App.1994). *Accord State v. Hamilton,* 827 P.2d 232, 233–34 (Utah 1992).

On September 20, 1992, Daniel Suluai, Wilmer and Sergio Weffer, and Daniel Owen were in a Mitsubishi, traveling eastbound on 2100 South in Salt Lake City, Utah. At the intersection of 2100 South and West Temple, while stopped at a light, the front-seat passenger in a Mercury Topaz flashed gang signs at the occupants of the Mitsubishi. David Mills was driving the Topaz, defendant Troy Labrum was the front-seat passenger, and Joshua Behunin was riding in the back seat. The Topaz followed the Mitsubishi to the intersection of 2100 South and Seventh East, at which point Troy Labrum leaned out of the front-seat passenger window, extended

---

1. *See* Utah Code Ann. §§ 76–5–203 (Supp.1993) (criminal homicide statute), 76–4–101 (1990) (general attempt statute), 76–5–203 (1990) (making attempted homicide a second degree felony).

his arms over the top of the car, and fired at least five bullets into the Mitsubishi. The barrage broke out both passenger-side windows, and one bullet struck Daniel Suluai in the back while another passed through Sergio Weffer's hair.

The State charged Troy Labrum, David Mills, and Joshua Behunin with the second degree felony of attempted murder.[2] *See* note 1. The State also sought firearm and "gang" sentence enhancements. *See* Utah Code Ann. §§ 76–3–203 (1990), 76–3–203.1 (Supp. 1993).

Defendants were tried by jury over the course of three days. In his closing argument, the prosecutor made the following statements concerning the credibility of witnesses that testified for the State:

> But I thought Mr. Owens was at least candid and honest and he said, I didn't recognize [Mr. Mills] because he changed his appearance and it threw me off.
>
> . . . .
>
> It's just an incredible coincidence that a police officer sees these three people together?
>
> I thought [the officer] was very candid and honest. He didn't try to overstep it. He didn't say he was positive Mr. Mills was driving the car. He said it was a black man. It looked like Mr. Mills; I assumed it was Mr. Mills.

At the close of the trial, the judge instructed the jury concerning its responsibilities, the elements of the charged offense, and the burden of proof. While the court reporter did not transcribe the judge's reading of the final jury instructions, she noted that the judge added comments to the final written jury instructions while reading them to the jury. According to the court reporter,

> [t]hroughout the reading of the Instructions, the Judge injected comments which were not part of the written Instructions. These comments were inserted in an ad lib manner, and I was not aware that his words were anything other than what was on the printed page until after hearing completed sentences. Therefore, these comments were not reported.

After deliberating, the jury convicted Labrum and co-defendant Mills of the crimes charged. On March 22, 1993, the trial court sentenced Labrum to a term of 1–15 years for attempted murder, to run consecutively with a six-year gang enhancement and a 1–5 years firearm enhancement.[3] At Labrum's initial hearing before the Board of Pardons, the Board indicated that his total sentence would run twenty-six years, expiring on October 1, 2018.

Labrum appeals his conviction, arguing that gaps in the transcribed jury instructions prevent meaningful review and that the prosecutor engaged in reversible misconduct by vouching for the truthfulness of the State's witnesses. Labrum also challenges his sentence, arguing that the trial court erred in imposing a firearm enhancement absent a specific finding that a firearm was used in the offense and that the gang enhancement statute is unconstitutional or, if constitutional, was misapplied by the trial court. Finally, Labrum contends that the Board of Pardons has misconstrued the sentence imposed by the trial court.[4] The State counters Labrum's arguments, but chiefly contends that he failed to preserve these issues for appeal.

---

2. Mills has not joined in this appeal. Behunin was handled through the juvenile court system, and therefore was not tried with defendant and Mills.

3. The trial court also ordered Labrum to pay $5079.68 in restitution.

4. Although the parties dispute whether Labrum's sentence enhancements were appropriate, both sides agree that the length of the sentence as construed by the Board of Pardons is incorrect. Labrum has been in custody since October of 1992. He received 1–15 years for committing a second degree felony. The gang enhancement increases his *minimum* term to six years. *See* Utah Code Ann. § 76–3–203.1(3)(d) (Supp.1993); *State v. Alvarez,* 872 P.2d 450, 461 n. 10 (Utah 1994). Thus, he must serve 6–15 years on the attempted murder conviction. In addition, as Labrum used a firearm in the commission of the crime, the trial court acted within its discretion in sentencing him to an additional term of 1–5 years. *See* Utah Code Ann. § 76–3–203(2) (1990); *State v. Willett,* 694 P.2d 601, 603 (Utah 1984). Thus, Labrum's sentence includes a term of 6–15 years to be followed by a sentence of 1–5 years. Labrum's maximum term is accordingly 20 years, rather than 26 years as stated by the Board of Pardons.

## PRESERVATION OF ISSUES FOR APPEAL

■ "As a general rule, appellate courts will not consider an issue, including a constitutional argument, raised for the first time on appeal unless the trial court committed plain error or the case involves exceptional circumstances." *State v. Brown,* 856 P.2d 358, 359 (Utah App.1993). In the instant case, defendant failed to object to the trial court's deviations from the written jury instructions[5] or to the prosecutor's comments, and did not challenge the adequacy of the findings supporting the sentence enhancements or the constitutionality of the gang enhancement statute before the trial court. Therefore, absent plain error or exceptional circumstances, defendant will not now be heard to complain that the judge erroneously instructed the jury, that the prosecutor's conduct was improper, that the findings are inadequate, or that the gang enhancement statute is unconstitutional. *See, e.g., State v. Emmett,* 839 P.2d 781, 785 (Utah 1992) (failure to object to prosecutor's allegedly improper remarks constitutes waiver of claim, unless remarks constitute plain error); *State v. Bywater,* 748 P.2d 568, 569 (Utah 1987) (failure to challenge adequacy of findings supporting sentence before trial court precludes challenge on appeal); *State v. Verde,* 770 P.2d 116, 120 (Utah 1989) (failure to object to jury instructions precludes review unless necessary "to avoid a manifest injustice"); Utah R.Crim.P. 19(c) (same); *State v. Palmer,* 860 P.2d 339, 342 (Utah App.) (failure to object to prosecutor's allegedly improper remarks constitutes waiver of claim, unless remarks constitute plain error), *cert. denied,* 868 P.2d 95 (Utah 1993); *State v. Cummins,* 839 P.2d 848, 853 (Utah App.1992) (same), *cert. denied,* 853 P.2d 897 (Utah

1993); *State v. Ross,* 782 P.2d 529, 532 (Utah App.1989) (same).

### A. Plain Error

■ Defendant contends we should reach two of his issues on plain error grounds. In order for defendant to succeed on a plain error argument, he must demonstrate that the error should have been obvious to the trial court and that the error is harmful in the sense that there is a reasonable likelihood of a more favorable outcome for the accused in the absence of the error. *See State v. Dunn,* 850 P.2d 1201, 1208–09 (Utah 1993).

### 1. Incomplete Record

■ Defendant asserts that the failure to record the court's jury instructions and the court's extemporaneous remarks constituted plain error. However, the mere existence of transcription errors does not mandate a new trial. *State v. Menzies,* 845 P.2d 220, 228 (Utah 1992). Defendant has neither shown that a possible error exists as a result of the ad lib commentaries, nor that the missing transcript impairs his ability to argue his case on appeal.[6] Because he is unable to demonstrate prejudice, defendant has failed to show that the extemporaneous remarks and the failure to record the reading of the jury instructions constituted plain error on the court's part. *Cf. State v. Gray,* 601 P.2d 918, 920–21 (Utah 1979) (rejecting claim that failure to record prosecutor's closing argument denied defendant his right to appeal and holding that "a mere shot-gun charge that there was prejudicial error in not so recording the closing argument is without substance").

---

5. The record indicates that the court reporter did record *objections* interposed during the course of the trial court's instructions to the jury. Specifically, counsel objected to one of the jury instructions because the trial judge apparently failed to instruct the jury on one of the factors the jury should consider in weighing the credibility of eye-witness identification. The judge corrected the error.

6. Rule 11(g) of the Utah Rules of Appellate Procedure provides a means to include the sub-

stance of the missing comments in the record. The procedure has not been employed in this case. *See also Mark VII Fin. Consultants Corp. v. Smedley,* 792 P.2d 130, 134 (Utah App.1990) (holding that parties have burden of compiling record " 'that will adequately preserve their arguments for review in the event of an appeal' ") (quoting *Franklin Fin. v. New Empire Dev. Co.,* 659 P.2d 1040, 1045 (Utah 1983)).

### 2. Prosecutor's Remarks

■ Defendant contends that the prosecutor's comments during closing argument bolstered the credibility of the State's witnesses and that the court committed plain error in permitting the remarks to be made. However, while a prosecutor may not assert personal knowledge of the facts, a prosecutor may draw permissible inferences from the evidence, *State v. Parsons*, 781 P.2d 1275, 1284 (Utah 1989), and a prosecutor may comment on a witness's credibility to that extent. *State v. Cummins*, 839 P.2d 848, 854 n. 15 (Utah App.1992), *cert. denied*, 853 P.2d 897 (Utah 1993).

■ The prosecutor's comments in this case were not asserted as personal knowledge concerning the accuracy of the witnesses' testimony. Rather, the prosecutor simply commented on the witnesses' credibility by pointing out that the witnesses were willing to admit when they could not testify to specific facts. These statements were nothing more than inferences about witness credibility that the prosecutor properly drew from the content of the testimony. Accordingly, there was no error, plain or otherwise, in permitting the prosecutor's comments.

### B. Exceptional Circumstances

Defendant claims that exceptional circumstances require us to hear his constitutional challenge to the "gang enhancement" statute, Utah Code Ann. § 76-3-203.1 (Supp.1993).[7] Defendant concedes that he failed to raise this challenge before the trial court. However, he points out that the trial court failed to make written findings as required by Utah Code Ann. § 76-3-203.1(5)(c) (Supp.1993). Defendant claims that such a failure requires us to remand for the entry of findings and, therefore, we should, in the interest of judicial economy, address his constitutional claim in order to guide the trial court, as defendant

would challenge the constitutionality of the statute on remand.

■ While we doubt, in any event, defendant's ability to make substantive arguments not raised at trial on a remand ordered merely for the entry of findings, defendant has advanced no legal authority to support the conclusion that judicial economy is a sufficiently exceptional circumstance to allow us to reach the merits of a constitutional claim raised for the first time on appeal. Moreover, as discussed below, we have determined not to remand for written findings addressing the applicability of the gang enhancement provision. Therefore, the basis on which defendant hoped to belatedly raise his constitutional challenge with the trial court has not materialized. Accordingly, we decline to deviate from the general rule barring consideration of issues raised for the first time on appeal. *See State v. Brown*, 856 P.2d 358, 359 (Utah App.1993).

## ADEQUACY OF FINDINGS

### A. Gun Enhancement

■ In Utah, trial courts must impose an additional consecutive sentence of at least one year "if the trier of fact finds a firearm ... was used in the commission or furtherance of the felony." Utah Code Ann. § 76-3-203(2) (1990).[8] Defendant claims the trial court improperly invoked the firearm enhancement because the jury failed to make a specific finding that a firearm was used in the commission of the offense. However, the Utah Supreme Court settled this issue in *State v. Angus*, 581 P.2d 992 (Utah 1978), where it held that enhancement under section 76-3-203 does not require a specific and separate finding that a firearm was used. *Id.* at 995.

---

**7.** Defendant contends that the statute is vague and overbroad. He argues in the alternative that if the statute is not facially defective, the Utah Constitution requires that the statute's applicability be decided by the jury rather than the judge, and on proof beyond a reasonable doubt.

**8.** "The court may additionally sentence the person convicted for an indeterminate term not to exceed five years to run consecutively and not concurrently." Utah Code Ann. § 76-3-203(2) (1990). The Utah Supreme Court has held that the maximum additional sentence for a firearm enhancement is five years even though section 76-3-203(2) can plausibly be read to allow for an additional sentence of up to six years in total. *See State v. Willett*, 694 P.2d 601, 603 (Utah 1984).

■ Moreover, because defendant points to no evidence, consistent with the jury's determination of guilt, that could possibly suggest a firearm was not used in the commission of the offense, any error that may have been made by not instructing the jury to make a separate and specific finding of firearm use would have to be harmless error. Simply put, defendant does not suggest, nor does the record support, any theory by which five bullets could have been propelled into the victims or their car by means other than through the use of a firearm. There was simply no suggestion that the bullets which undeniably flew were hurled by hand, slung by sling-shot, or launched by catapult. Because it is undisputed that a firearm was used in the commission of the offense for which defendant was found guilty, any error in not requiring a specific finding that a firearm was used prior to enhancing defendant's sentence is harmless indeed.

### B. Gang Enhancement

Defendant also complains about the trial court's failure to enter written findings in conjunction with its application of the "gang enhancement" statute. *See* Utah Code Ann. § 76–3–203.1 (Supp.1993). According to Utah law, Labrum's minimum prison term may be enhanced to six years if the trial court finds he committed the charged offense in concert with two or more persons. Utah Code Ann. §§ 76–3–203.1, –203.1(3)(d) (Supp. 1993).

At defendant's sentencing hearing, the trial judge made a finding on the record that two other persons were involved in committing the crime and therefore enhanced Labrum's minimum sentence to six years. However, the trial court failed to enter written findings as required by statute. *See id.*

§ 76–3–203.1(5)(c). Specifically, the trial court failed to make findings indicating that defendant acted "in concert with" two or more other persons.[9]

The State argues that, despite the lack of written findings, the trial court implicitly found that Labrum, Mills, and Behunin acted in concert with the requisite level of accomplice responsibility. *See* note 9. "A finding may be implied if it is clear from the record, and therefore apparent upon review, that the finding was actually made as part of the tribunal's decision." *Adams v. Board of Review*, 821 P.2d 1, 5 (Utah App.1991). However, we cannot simply assume that the trial court made a necessary finding. *See id.* In the instant case, there is nothing in the record indicating whether the trial court actually found that Joshua Behunin, the back-seat passenger in the assailants' car, acted as an accomplice in the shooting. Therefore, we are unable to implicitly conclude that the trial court made the correct factual findings and properly applied the governing rules of law to those findings.

In the alternative, the State argues that the trial court's failure to make adequate written findings is not properly before us because defendant waived the right to claim error by not objecting to the lack of findings, thereby failing to notify the trial court of its mistake. Generally, if a defendant fails to timely raise an objection before the trial court, he or she waives the right to raise the issue on appeal. Utah R.Crim.P. 12(d). *See State v. Brown*, 856 P.2d 358, 359 (Utah App.1993). "The purpose of requiring a properly presented objection is to 'put the judge on notice of the asserted error and allow the opportunity for correction at that time in the course of the proceedings.'" *Brown*, 856 P.2d at 359 (quoting *Broberg v.*

---

9. Acting "'in concert with two or more persons' ... means that the defendant and two or more other persons would be criminally liable for the offense as parties under Section 76–2–202," the accomplice responsibility statute. Utah Code Ann. § 76–3–203.1(1)(b) (Supp.1993). In the recent case of *State v. Alvarez*, 872 P.2d 450 (Utah 1994), the Utah Supreme Court stated that the level of intent necessary to have acted in concert "does not require that the persons involved in the criminal conduct have the same mental

state" as the defendant. *Id.* at 461. In the instant case, the jury determined that defendant "intentionally or knowingly attempted to cause the death of Daniel Suluai, and/or intending to cause serious bodily injury to another, committed an act clearly dangerous to human life thereby attempting to cause the death of Daniel Suluai." The fact that the other participants may have possessed less culpable mental states does not mean that they did not act as parties to the attempted murder and therefore "in concert with" defendant. *See id.* at 462.

*Hess,* 782 P.2d 198, 201 (Utah App.1989) (per curiam)).

However, challenged findings of fact and arguments concerning the adequacy of findings are typically reviewed regardless of whether objection was made below, chiefly because Rule 52 of the Rules of Civil Procedure specifically provides that "[r]equests for findings are not necessary for purposes of review." Utah R.Civ.P. 52(a). *See Potter v. Potter,* 845 P.2d 272, 274 (Utah App.1993). *See also* Utah R.Civ.P. 81(e) (civil procedure rules apply in criminal cases in absence of contradictory rule of criminal procedure). As stated in *Potter,* "trial counsel and the trial court collectively share responsibility to ensure that legal requirements are satisfied by entry of adequate findings. Moreover, the prevailing party has a greater incentive than the opposition to ensure the adequacy of the findings in order to protect the court's order on appeal." *Potter,* 845 P.2d at 274.

Thus, prior to enhancing Labrum's sentence, the trial court had an affirmative obligation to make written findings of fact and conclusions of law concerning the applicability of the enhanced penalty. *See* Utah Code Ann. § 76–3–203.1(5)(c) (Supp.1993); Utah R.Civ.P. 52(a). Given the language of Rule 52, it would appear that any error concerning the existence of adequate findings is not waived on appeal by the mere failure of counsel to have requested findings.

On the other hand, the Utah Supreme Court has directly addressed a defendant's ability to challenge, for the first time on appeal, the adequacy of findings supporting the imposition of sentence. *State v. Bywater,* 748 P.2d 568, 568 (Utah 1987). In *Bywater,* the defendant pled guilty to one count of sodomy upon a child. He was subsequently sentenced to a minimum mandatory term of ten years. *Id. See* Utah Code Ann. § 76–5–403.1(2) (1990). The defendant claimed that the trial court erred by failing to make specific findings of fact in determining that the ten-year sentence should be imposed. *Bywater,* 748 P.2d at 568. Without pausing to consider Rule 52 or its objectives, the Utah Supreme Court appears to have held that a defendant who fails to object to the adequacy of findings supporting the sentence imposed by the trial court cannot challenge the findings on appeal. *Id.* at 569. The Court stated:

> It is clear from the record that defendant accepted without challenge the reasons stated by the trial court for imposing the sentence.... The issue not having been raised in the trial court, the longstanding rule of appellate review precludes the issue from being raised for the first time on appeal.

*Id.*

■ In the instant case, the trial court failed to make written findings sufficient to allow meaningful review and such findings are not implied by the record. We find ourselves torn between adhering to the generally applicable doctrine articulated in Rule 52—especially given the express language of the "gang enhancement" statute requiring the trial court to make adequate written findings—and following the apparent holding of *Bywater,* which might be explained by an unspoken perception that sentencing is on a fundamentally different footing than plenary adjudication. We follow *Bywater* because that case addressed the narrow issue of challenging the adequacy of findings supporting the imposition of sentence for the first time on appeal. Under *Bywater,* Labrum's failure to object to the enhancement of his sentence absent adequate written findings precludes our considering the issue when raised for the first time on appeal.

## FURTHER CONCERNS

The main thrust of defendant's appeal has been to argue that the trial court committed plain error. Defendant's appeal is subject to the onerous plain error standard because he needs to surmount the failure of his trial counsel to object to either the prosecutor's or the court's statements or conduct. *See State v. Brown,* 856 P.2d 358, 359 (Utah App.1993).

But if the error was plain to the court, it should also have been plain to trial counsel, who should have raised an appropriate objection. For this reason, a claim of ineffective assistance of counsel typically is raised in conjunction with alleging plain error. *See, e.g., State v. Dunn,* 850 P.2d 1201, 1208–09,

1225–29 (Utah 1993); *State v. Bullock,* 791 P.2d 155, 159–60 (Utah 1989), *cert. denied,* 497 U.S. 1024, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990); *State v. Brooks,* 868 P.2d 818, 826 (Utah App.1994); *State v. Ellifritz,* 835 P.2d 170, 174 (Utah App.1992).

However, defendant has not alleged ineffective assistance in this appeal. The possible link between this unusual strategy and the fact that defendant is represented on appeal by the same firm that handled his defense at trial cannot be ignored. When trial counsel represents defendant on appeal an ineffective assistance claim cannot be raised because it is "'unreasonable to expect [trial counsel] to raise the issue of his own ineffectiveness at trial on direct appeal.'" *State v. Garrett,* 849 P.2d 578, 580 n. 3 (Utah App.) (quoting *Jensen v. DeLand,* 795 P.2d 619, 621 (Utah 1989)), *cert. denied,* 860 P.2d 943 (Utah 1993). *See also State v. Humphries,* 818 P.2d 1027, 1029 (Utah 1991) (where record is adequate and defendant is no longer represented by trial counsel, ineffective assistance claim may be heard on direct appeal); *State v. Cosey,* 873 P.2d 1177, 1180 n. 2 (Utah App.1994) (same).

Appellate counsel must be highly sensitive to fulfilling his or her role as an effective advocate. *See State v. Holland,* 876 P.2d 357, 359 (Utah 1994). Therefore, appellate counsel must hesitate before taking a case where a potential conflict may inhibit raising an issue because of his or her own prior involvement in the case or that of his or her firm. Simply stated, in any case where appellate counsel finds himself or herself needing to use the plain error doctrine to get an issue before the appellate court, a red flag should go up warning of the likelihood of a concomitant ineffective assistance of counsel claim that needs to be objectively evaluated and, perhaps, raised on appeal.[10]

## CONCLUSION

Defendant neither objected at trial nor established plain error or exceptional circumstances on appeal and therefore is precluded from asserting that the record is incomplete, that the prosecutor committed misconduct, that the findings are inadequate, or that the gang enhancement statute is unconstitutional. A specific and separate finding is not required in order to impose an enhanced penalty based on the use of a firearm in the commission of the charged offense. This is especially true where, as is the case here, the evidence is uncontroverted that defendant did in fact use a firearm in committing the crime. Finally, defendant's maximum sentence should be twenty years, consisting of consecutive terms of 6–15 years and 1–5 years, which terms accurately reflect the gang and firearm enhancements. With this clarification of defendant's sentence, the conviction is affirmed.

BILLINGS and DAVIS, JJ., concur.

---

10. We have resisted directing the substitution of new appellate counsel and re-briefing in this case because (1) the parties did not suggest it; (2) we are far from convinced that had ineffective assistance claims been raised they would have resulted in a reversal; and (3) appellate counsel's decision to represent Labrum on appeal, despite his representation by the same firm at trial, does not preclude Labrum from bringing an ineffective assistance claim in a postconviction proceeding, as provided for in rule 65B(b)(1) of the Utah Rules of Civil Procedure. *See State v. Humphries,* 818 P.2d 1027, 1029 (Utah 1991); *Jensen v. DeLand,* 795 P.2d 619, 621 (Utah 1989); *Fernandez v. Cook,* 783 P.2d 547, 549–50 (Utah 1989).