Michael D. Esplin (argued), Aldrich, Nelson, Weight & Esplin, Provo, for appellant.

Jan Graham, State Atty. Gen., Kris Leonard (argued), Asst. Atty. Gen., Salt Lake City, for appellee.

Before BILLINGS, DAVIS, and GREENWOOD, JJ.

**STATE of Utah, Plaintiff and Appellee,**

v.

**Norris COOK, Defendant and Appellant.**

**No. 930708–CA.**

Court of Appeals of Utah.

Aug. 24, 1994.

## OPINION

GREENWOOD, Judge:

Defendant Norris Cook appeals his conviction after a jury trial on two counts of sodomy on a child, a first degree felony, in violation of Utah Code Ann. § 76–5–403.1 (1990). We reverse and remand for a new trial.

## BACKGROUND

Defendant, a fifty-eight year old man, was accused of sexually abusing R.G., his four-year-old neighbor. During the ensuing jury trial, the State called as witnesses R.G., the victim; E.G., the victim's eight-year-old sister; D.T., defendant's twelve-year-old step-granddaughter; and R.G.'s father. The jury found defendant guilty on the two counts of

sodomy on a child and acquitted him on the remaining count of aggravated sexual abuse of a child.[1] Defendant now appeals his conviction.

## ISSUES

Defendant asserts three points of error on appeal: (1) the trial court erred by allowing hearsay statements of a child victim without making the express findings required by Utah Code Ann. § 76–5–411(2) (1990); (2) he was denied effective assistance of counsel; and (3) the trial court committed reversible error by denying his motion to dismiss the charge of aggravated sexual abuse of a child at the conclusion of the State's case in chief. As the trial court plainly erred by not complying with section 76–5–411, we do not address defendant's other arguments.

## ANALYSIS

### Section 76–5–411 and Plain Error

Defendant insists the trial court committed plain error by allowing other witnesses to testify as to R.G.'s hearsay statements without making the required findings mandated by Utah Code Ann. § 76–5–411(2) (1990). We agree.

Section 76–5–411, seeking to assure the reliability of a child victim's hearsay statements, declares:

(1) Notwithstanding any rule of evidence, a child victim's out-of-court statement regarding sexual abuse of that child is admissible as evidence although it does not qualify under an existing hearsay exception, if:

(a) the child is available to testify in court or under Rule 15.5(2) or (3), Utah Rules of Criminal Procedure;

(b) if the child is not available to testify in court or under Rule 15.5(2) or (3), Utah Rules of Criminal Procedure, there

is other corroborative evidence of the abuse; or

(c) the statement qualifies for admission under Rule 15.5(1), Utah Rules of Criminal Procedure.

(2) *Prior to the admission of any statement into evidence under this section, the judge shall determine whether the interest of justice will best be served by admission of that statement. In making this determination the judge shall consider the age and maturity of the child, the nature and duration of the abuse, the relationship of the child to the offender, and the reliability of the assertion and of the child.*

(3) A statement admitted under this section shall be made available to the adverse party sufficiently in advance of the trial or proceeding, to provide him with an opportunity to prepare to meet it.

(4) For purposes of this section, a child is a person under the age of 14 years.

*Id.*

■ Defendant failed to raise this issue before the trial court but asks us nonetheless to address it on appeal. Generally, issues not raised before the trial court are waived and cannot thereafter be raised on appeal. *See State v. Emmett,* 839 P.2d 781, 783–84 (Utah 1992); *State v. Matsamas,* 808 P.2d 1048, 1052–53 (Utah 1991). However, Utah's appellate courts have evidenced a willingness to hear and rule on issues "raised for the first time on appeal [if] the trial court committed plain error or the case involves exceptional circumstances." *State v. Brown,* 856 P.2d 358, 359 (Utah App.1993); *accord Emmett,* 839 P.2d at 785 ("Plain error is error that is both harmful and obvious. This court reviews allegations of plain error despite the lack of a timely objection, provided, of course, that the trial court was not led into error.") (footnote omitted). We thus review defendant's claim to determine if the trial court's error was both plain and harmful.

---

**1.** Defendant was originally charged with four counts of sexual abuse of a child, a second degree felony, in violation of Utah Code Ann. § 76–5–404.1 (1990). Prior to the preliminary hearing, the State filed an amended information charging defendant with two counts of sexual abuse of a child, a second degree felony, two

counts of sodomy on a child, a first degree felony, and one count of aggravated sexual abuse of a child, a first degree felony. At the end of the preliminary hearing, the trial court granted the State's motion to dismiss the two second-degree-felony counts of sexual abuse of a child.

In another child abuse case, the Utah Supreme Court analyzed whether the trial court's failure to enter written findings under section 76–5–411 was plain error. *State v. Eldredge*, 773 P.2d 29, 34–36 (Utah), *cert. denied*, 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989). In *Eldredge*, the defendant neither requested findings under section 76–5–411 nor objected to the admission of hearsay in their absence. Consequently, the supreme court initially ruled that it could not address the trial court's failure to comply with section 76–5–411 because defendant had failed to properly preserve the issue for appeal. *Id.* at 35; *see also State v. Van Matre*, 777 P.2d 459, 462 (Utah 1989) (indicating that defendant is not entitled to assert lack of specific and/or written findings [under sec-

tion 76–5–411] as ground for error on appeal when defendant failed to object at trial).

Despite the *Eldredge* court's initial ruling, it went on to review the trial court's noncompliance with section 76–5–411 for plain error, citing Utah Rule of Evidence 103(d).[2] *Eldredge*, 773 P.2d at 35–36. *But see State v. Bullock*, 791 P.2d 155, 159 (Utah 1989) (stating that plain error rule, while existing to protect defendants from less-than-perfect counsel, "is in no way implicated if defense counsel consciously elects to permit evidence to be admitted as part of a defense strategy rather than through inadvertence or neglect"), *cert. denied*, 497 U.S. 1024, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990).[3] Although the *Eldredge* court determined that the error was not plain or obvious to the trial court, the court's reasoning strongly impacts the

---

**2.** Rule 103(d) provides: "Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court." Utah R.Evid. 103(d).

**3.** In *Bullock*, the trial court and counsel for both sides reviewed at a pretrial conference the provisions of § 76–5–411 and the applicability of *State v. Nelson*, 725 P.2d 1353 (Utah 1986) (seminal case in this area which held that trial court must enter written findings under § 76–5–411). Thereafter, defense counsel challenged the admissibility of "only a modicum of the State's evidence," whereas appellate counsel for Bullock "attacked the admissibility of virtually all of the State's evidence." *Bullock*, 791 P.2d at 158. Given defense counsel's obviously conscious defense strategy regarding § 76–5–411, the *Bullock* court declined to address defendant's plain error argument.

In the instant case, the record is bereft of any helpful information regarding defense counsel's reasons for not objecting to the trial court's noncompliance with § 76–5–411. The record does not indicate that the trial court discussed at any time with counsel the applicability of § 76–5–411 or the necessity of written findings under *Nelson*. Accordingly, while we agree with the *Bullock* court that defendants "are not entitled to both the benefit of not objecting at trial and the benefit of objecting on appeal," *Bullock*, 791 P.2d at 159, there is insufficient evidence in this case to indicate that defense counsel was attempting to have-her-cake-and-eat-it-too. To avoid the problem of having defense counsel consciously choose not to object in order to claim plain error on appeal, we embrace the position taken by the *Eldredge* court urging prosecutors to request the trial court to make the required findings under § 76–5–411, thereby precluding a claim of plain error on appeal. *Eldredge*, 773 P.2d at 36 n. 12.

The inadequacy of the record on this issue also precludes any meaningful review of defendant's ineffective-assistance-of-counsel claim. The Utah Supreme Court has indicated in *State v. Humphries*, 818 P.2d 1027 (Utah 1991), that ineffective assistance claims raised for the first time on appeal can only be reviewed in "unusual ... peculiar, narrow circumstances." *Id.* at 1029; *see also State v. Garrett*, 849 P.2d 578, 580 (Utah App.), *cert. denied*, 860 P.2d 943 (Utah 1993). As previously mentioned, the record before us is bereft of sufficient information to enable us to determine whether defense counsel's performance on this issue was deficient and whether the outcome of the trial would have been different. Most significantly, the record does not reveal whether trial counsel's failure to request findings under § 76–5–411 was part of her trial strategy or simply an oversight. *See Salt Lake City v. Grotepas*, 874 P.2d 136, 139 (Utah App. 1994).

We underscore, however, that Rule 23B of the Utah Rules of Appellate Procedure allows this court to remand, on proper motion made by a party to the appeal or the court's own motion, for the purpose of "entering findings of fact relevant to a claim of ineffective assistance of counsel." Utah R.App.P. 23B(a). In the instant case, defendant made, and the Utah Supreme Court denied, a Rule 23B motion to remand for the entry of findings. Defendant's motion was limited, however, to one of his other ineffective-assistance-of-counsel arguments. As defendant did not make a Rule 23B motion to remand for findings on the issue of defense counsel's failure to object to the trial court's noncompliance with § 76–5–411, and because we reverse the trial court's ruling for plain error, we need not decide whether a sua sponte Rule 23B motion would be appropriate in this case.

present case. The *Eldredge* court's primary reason for concluding that the error was not plain was the fact that the trial court had not yet had the benefit of the supreme court's opinion in *State v. Nelson,* 725 P.2d 1353 (Utah 1986).[4]

 In *Nelson,* the supreme court unequivocally stated that trial courts

> *must* make an in-depth evaluation of the proposed testimony as required by subsection 76–5–411(1).... The trial court should then enter findings and conclusions regarding each of the factors listed in the statute to explain its reasons for admitting or excluding the testimony. Only when these steps are taken can a defendant be assured that the statutorily required appraisal has been made.

*Id.* at 1355–56 n. 3 (citations omitted). We believe the supreme court's language in *Eldredge* clearly establishes that after *Nelson,* a trial court's failure to enter written findings and conclusions under section 76–5–411 is plain error. *See State v. Matsamas,* 808 P.2d 1048, 1051 (Utah 1991) ("In *Nelson,* we stated that we would hold trial courts accountable for making these findings in cases tried after *Nelson* was decided.").

In the present case, defendant's trial transpired long after the supreme court issued both *Nelson* and *Eldredge,* yet the trial court inexplicably failed to enter written findings in accordance with section 76–5–411 and these cases. Accordingly, it committed plain error.

 Although the trial court's error was plain, we will not reverse defendant's conviction unless the error was also harmful, i.e., it "affect[ed] the substantial rights of the accused." *Eldredge,* 773 P.2d at 35; *see also State v. Brown,* 853 P.2d 851, 853 (Utah 1992) (noting that error must be both plain and harmful); *Emmett,* 839 P.2d at 785 (same); *cf. State v. Lamper,* 779 P.2d 1125, 1128–29 (Utah 1989) (finding trial court erred in not making findings required by section 76–5–411 but declining to reverse because error was not harmful).

 R.G., the four-year-old victim, gave testimony at trial that was arguably sketchy and at times inconsistent. The State bolstered R.G.'s testimony by offering his hearsay statements, as testified to by R.G.'s father and defendant's stepgranddaughter. There was no physical evidence of sexual abuse corroborating R.G.'s allegations. Consequently, we believe that without the bolstering of R.G.'s in-court testimony there is a reasonable probability that the jury's verdict might have been different. *See State v. Reiners,* 803 P.2d 1300, 1306–08 (Utah App. 1990) (reversing conviction for sodomy on a child because victim's testimony was bolstered by hearsay testimony of victim without trial court making section 76–5–411 findings); *see also State v. Bullock,* 791 P.2d 155, 162 (Utah 1989) (Stewart, J., dissenting) ("A legitimate public concern for the problems of child sex abuse must not be converted into a hysteria that overruns and tramples the rights of those who are accused."). Therefore, the trial court's plain error in failing to comply with section 76–5–411 was harmful; it affected defendant's substantive rights in that he was convicted and sent to prison on the basis of bolstered testimony that the trial court admitted without properly reviewing it *for reliability under section 76–5–411.* Accordingly, we conclude the trial court committed error that was both plain and harmful when it failed to enter written findings of fact and conclusions of law, as required by section 76–5–411, before admitting the child victim's out-of-court hearsay statements.

## CONCLUSION

The trial court committed plain error by not complying with the requirements of section 76–5–411, as underscored by *State v. Nelson,* 725 P.2d 1353 (Utah 1986). Accordingly, we reverse defendant's conviction and remand for a new trial.

BILLINGS and DAVIS, JJ., concur.

4. The *Eldredge* court also noted that § 76–5–411 does not on its face call for the trial court to enter written findings. Therefore, given the lack of an express statutory requirement for written findings, coupled with the lack of direction in *Nelson,* the *Eldredge* court concluded that the error was not plain or obvious to the trial court.