STATE of Utah, Plaintiff
and Respondent,

v.

Troy LABRUM, Defendant
and Petitioner.

No. 940499.

Supreme Court of Utah.

June 25, 1996.

Rehearing Denied Nov. 8, 1996.

Jan Graham, Atty. Gen., Thomas Brunker, Asst. Atty. Gen., Salt Lake City, for plaintiff.

Joseph C. Fratto, Jr., Salt Lake City, for defendant.

STEWART, Associate Chief Justice:

This case is here on a writ of certiorari to review a Court of Appeals ruling affirming a gang sentence enhancement imposed on Troy Labrum after his conviction for attempted criminal homicide, a second degree felony. *See State v. Labrum,* 881 P.2d 900 (Ct.App. 1994), *cert. granted,* 892 P.2d 13 (Utah 1995). Labrum asserted in the Court of Appeals that the trial court erred in not entering written findings of fact in imposing a six-year "gang" sentence enhancement. Although the Court of Appeals found that the trial court had failed to make the findings required by the gang enhancement statute, it nevertheless held that Labrum's failure to object to the absence of written findings constituted a waiver of his right to raise that issue on appeal. We hold that the trial court's failure to enter the written findings of fact as required by the gang sentence enhancement statute was plain error and that the Court of Appeals erred in not addressing the issue notwithstanding defendant's failure to object in the trial court.

## I. BACKGROUND

On September 20, 1992, Labrum and Joshua Behunin were passengers in a Mercury Topaz driven by David Mills. Labrum was in the front seat, and Behunin was riding in the back seat. At approximately Twenty–First South and West Temple in Salt Lake City, Mills approached another vehicle, a Mitsubishi whose occupants were Wilmer

and Sergio Weffer, Daniel Suluai, and Daniel Owen. Labrum apparently flashed gang signals at the occupants of the Mitsubishi, and Mills followed the Mitsubishi until both vehicles arrived at the intersection of Twenty–First South and Seventh East. Labrum then leaned out of the front seat passenger window of the Topaz, extended his arms over the top of the car, and fired at least five shots toward the passenger side of the Mitsubishi. The barrage shattered both passenger side windows. One bullet struck Daniel Suluai in the back, another grazed Sergio Weffer (passing through his hair), and another hit the windshield of a vehicle in a parking lot across the street.

The State charged Labrum, Mills, and Behunin with attempted murder, a second degree felony, and sought firearm and gang sentence enhancements in accordance with Utah Code Ann. §§ 76–3–203 and 76–3–203.1. The gang sentence enhancement statute provides an enhanced minimum mandatory penalty if the judge finds that the defendant committed one of a detailed list of crimes while acting "[i]n concert with two or more persons." Utah Code Ann. § 76–3–203.1(1). Acting "in concert with two or more persons" means that "the defendant and two or more other persons would be criminally liable for the offense as parties under Section 76–2–202."[1] Id. § 76–3–203.1(1)(b). The statute specifically states: "The imposition of the penalty is contingent upon a finding by the sentencing judge that this section is applicable. In conjunction with sentencing, the court shall enter written findings of fact concerning the applicability of this section." Id. § 76–3–203.1(5)(c) (emphasis added).

A jury convicted Labrum and co-defendant Mills of the attempted murder charge. Behunin's case was referred to the juvenile court system. On March 22, 1993, Labrum was sentenced. Prior to imposing sentence, the court asked if the parties had any comments with respect to the sentence and the proposed enhancements. Labrum did not argue that the gang enhancement was inapplicable but simply requested that the trial court suspend its imposition.[2] The court rejected this request and imposed a six-year gang enhancement, stating that Labrum was "subject to the enhancement penalty" because this was "a gang-related offense, there having been two other persons involved in this." The court did not, however, enter any written findings showing that Behunin, who was a passenger in the back seat, acted in concert with Labrum and Mills, thereby justifying imposition of the gang enhancement.

■ Labrum appealed to the Utah Court of Appeals, alleging numerous trial and sentencing errors, including the claim that the trial court erred in failing to enter written findings of fact in imposing the six-year gang sentence enhancement, as required by Utah Code Ann. § 76–3–203.1. State v. Labrum, 881 P.2d 900 (Utah.Ct.App.1994). The Court of Appeals affirmed both the conviction and the sentence insofar as it was properly applied.[3] Id. at 903–07. Although the Court stated that the trial court failed to make the written findings required by the gang enhancement statute and that the trial court

1. Section 76–2–202, defining accomplice liability, reads as follows: "Every person, acting with the mental state required for the commission of an offense who directly commits the offense, who solicits, requests, commands, encourages, or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable as a party for such conduct."

2. Utah Code Ann. § 76–3–203.1(6) authorizes suspension of the sentencing enhancement when the trial court "finds that the interests of justice would be best served."

3. Labrum was sentenced to one to fifteen years for his conviction on the attempted murder charge and, in addition to the six-year gang enhancement, was also sentenced to a firearms enhancement of one to five years. The trial court imposed the enhancements "consecutively." The Board of Pardons construed the sentences as establishing a maximum term of twenty-six years. The Court of Appeals observed, however, that the gang enhancement cannot run consecutively with the attempted murder sentence but rather increases Labrum's minimum term on that charge. Labrum, 881 P.2d at 902 n. 4; Utah Code Ann. § 76–3–203.1(3)(d). If the proper written findings can be made on remand and the enhancements are justifiably imposed, the attempted murder conviction, taken in conjunction with the gang enhancement, would result in a six- to fifteen-year term, with an additional one- to five-year consecutive term for the use of a firearm in connection with the offense. Labrum, 881 P.2d at 902 n. 4.

had an affirmative obligation to enter such findings, the Court, citing our decision in *State v. Bywater*, 748 P.2d 568, 569 (Utah 1987), held that Labrum's failure to object to the absence of written findings constituted a waiver of his right to raise the issue on appeal. *Labrum*, 881 P.2d at 906. The sole question before this Court is whether the Court of Appeals erred in not ruling on the legality of the gang enhancement sentence notwithstanding Labrum's failure to lodge a proper objection in the trial court. "A court of appeals interpretation of the effect of a prior judicial decision ... constitutes a conclusion of law to which we accord no particular deference. Review is for correctness." *State v. Montoya*, 887 P.2d 857, 858 (Utah 1994).

## II. DISCUSSION

■ Issues not raised before the trial court are usually waived and cannot be raised on appeal. *See State v. Emmett*, 839 P.2d 781, 783–84 (Utah 1992); *State v. Matsamas*, 808 P.2d 1048, 1052–53 (Utah 1991); Utah R.Evid. 103(a). There are a number of purposes underlying this general rule. A timely objection provides the trial court with "an opportunity to address a claimed error and, if appropriate, correct it." *State v. Eldredge*, 773 P.2d 29, 36 (Utah), *cert. denied*, 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989). Requiring counsel to present objections in a timely manner also eliminates the option of foregoing those objections at trial as part of a "strategy that counsel thinks will enhance the defendant's chances of acquittal and then, if that strategy fails, ... claim[ing] on appeal that the Court should reverse." *State v. Bullock*, 791 P.2d 155, 159 (Utah 1989), *cert. denied*, 497 U.S. 1024, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990).

■ An appellate court will, however, address issues raised for the first time on appeal where a party demonstrates "exceptional circumstances" or "plain error." *State v. Lopez*, 886 P.2d 1105, 1113 (Utah 1994). In

*State v. Eldredge*, 773 P.2d 29, 36 & n. 11 (Utah 1989), we held that in the absence of extreme harmfulness or in an exercise of appellate discretion "in the interests of justice," to be reviewable in the absence of an objection in the trial court, the error must have been obvious to the trial court. "The plain error rule permits the appellate court to assure that justice is done, even if counsel fails to act to bring a harmfully erroneous ruling to the attention of the trial court." *Bullock*, 791 P.2d at 158. In conjunction with the requirement of a timely objection, the plain error rule thus " 'ultimately permit[s] the appellate court to balance the need for procedural regularity with the demands of fairness.' " *Id.* (quoting *State v. Verde*, 770 P.2d 116, 122 n. 12 (Utah 1989)).

Furthermore, on a pragmatic level, the doctrines of waiver and plain error serve to allocate the burden of noticing and correcting errors occurring at the trial court level. Generally speaking, the party harmed by an error has the burden of making a timely objection because that party has the greatest incentive to correct the error. Opposing parties and courts are not required to constantly survey or second-guess the nonobjecting party's best interests or trial strategy. On the other hand, where errors are particularly obvious or egregious and would serve no conceivable strategic purpose, courts and opposing parties may not simply turn a blind eye to a manifest procedural or substantial injustice.[4]

In affirming Labrum's sentence and rejecting his plain error argument, the Court of Appeals relied on our decision in *State v. Bywater*, 748 P.2d 568 (Utah 1987). We find *Bywater* distinguishable. *Bywater* dealt with minimum mandatory sentencing guidelines employing three severity levels. *Id.* at 568. The trial court in *Bywater* imposed a term of middle severity. *Id.* The applicable statute specifically required findings of fact to be made on the record only when the minimum or maximum term of severity was imposed. *See* Utah Code Ann. § 76–3–201(5)(d) (Supp.

---

4. In his concurring opinion, Chief Justice Zimmerman expresses concern about the language employed in our majority opinion. This language merely recites the well-established policy concerns underlying application of the plain error doctrine. In light of the fact that our opinion relies upon—and intends no departure from—*Eldredge* and our other plain error cases, the basis upon which his concerns are premised escapes us.

1987).[5] At the time *Bywater* was decided, no statute or judicial decision required an on-the-record recitation of facts supporting the choice of the middle term of severity. The court was required only to state its "reasons" for choosing any particular term. *See id.* § 76–3–201(6)(b).[6] Because the trial court in *Bywater* apparently complied (although somewhat cursorily) with this requirement, failure to make specific findings of fact could not have been plain error.

Later cases nevertheless did require trial courts to set forth, on the record, aggravating and mitigating factors, regardless of which term of severity was imposed. *See State v. Gibbons,* 779 P.2d 1133, 1137 (Utah 1989); *State v. Bell,* 754 P.2d 55, 60 (Utah 1988). In this regard, *Bywater* is somewhat similar to *State v. Eldredge,* 773 P.2d 29, 35 (Utah), *cert. denied,* 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989). In *Eldredge,* the defendant argued for the first time on appeal that the trial court had erred in admitting testimony without rendering the specific findings required by *State v. Nelson,* 725 P.2d 1353, 1355–56 n. 3 (Utah 1986). Because *Nelson* had not been decided at the time of Eldredge's trial, the *Eldredge* Court held that the error was not obvious to the trial court and, in the absence of a timely objection at trial, was waived on appeal. 773 P.2d at 36. In cases coming to trial subsequent to *Nelson,* however, failure to make the required findings was treated as plain error on appeal. *Id.* at 36 n. 12; *e.g., State v. Matsamas,* 808 P.2d 1048, 1051 (Utah 1991); *State v. Cook,* 881 P.2d 913, 915–16 (Utah.Ct. App.1994), *cert. denied,* 890 P.2d 1034 (Utah 1995).

■ The gang enhancement provision differs significantly from the general sentencing statute at issue in *Bywater.* Imposition of the gang enhancement penalty is explicitly "contingent upon" findings of particular enumerated facts that are to be rendered in writing. Specifically, the defendant must have acted "in concert" with at least two other persons, which, by reference to § 76–

2–202, means that those other persons must also be liable for the underlying offense. These findings are indispensable to the gang enhancement statute because they establish the legal basis that justifies imposition of the prescribed penalty. Moreover, the requirement for written findings appears in the text of the statute, whereas the findings of fact alleged to be lacking in *Bywater* were not required by statute or case law at the time that case was decided. In addition, with respect to the gang enhancement provision, the sentencing judge must make discrete, indispensable findings, whereas the statute at issue in *Bywater* afforded the sentencing judge a measure of discretion in terms of the manner in which those factors were to be weighed by the court.[7]

This is not the first time we have held that failure to make required findings of fact may result in plain error. In *State v. Nelson,* 725 P.2d 1353, 1355–56 & n. 3 (Utah 1986), we construed Utah Code Ann. § 76–5–411, a statute allowing the admission of out-of-court statements of child abuse victims. Although that statute does not expressly require the court to enter written findings before admitting proffered evidence, *Nelson* and subsequent cases held that written findings must be entered prior to admitting the statements. *Id.; Eldredge,* 773 P.2d at 36 n. 12; *see also State v. Matsamas,* 808 P.2d 1048, 1051 (Utah 1991); *State v. Cook,* 881 P.2d 913, 915–16 (Ct.App.1994), *cert. denied,* 890 P.2d 1034 (Utah 1995). In so ruling, we reasoned: "Only when these steps are taken can a defendant be assured that the statutorily required appraisal has been made. Further, only when such steps are taken can this Court properly perform its appellate review function." *Nelson,* 725 P.2d at 1356 n. 3. Thus only when the mandated findings are entered can the defendant, the trial court, and the appellate court be assured that the gang enhancement penalty has been properly imposed.

---

**5.** The current version of this provision is found at § 76–3–201(6)(d) (Supp.1995).

**6.** The current version is found at § 76–3–201(7)(b) (Supp.1995).

**7.** The statute at issue in *Bywater* "contemplates a comparatively informal procedure." *State v. Bell,* 754 P.2d 55, 58 (Utah 1988); *see also State v. Gibbons,* 779 P.2d 1133, 1137 (Utah 1989).

In this case, no specific finding was entered with respect to the complicity of the other two persons who accompanied Labrum. Mills was tried as a co-defendant and found guilty. Perhaps the sentencing court need only reiterate the facts underlying that conviction to make the finding that Mills acted in concert with Labrum. However, nothing regarding the outcome of Behunin's case, which was referred to juvenile court, has been placed in the record. It is unclear whether Behunin participated as an accomplice in the criminal activity or was simply a passive passenger in the car. Thus, because there were no detailed findings establishing Behunin's complicity in the underlying offense, we cannot be assured that imposition of the gang enhancement penalty was appropriate in sentencing Labrum.

The policies underlying the plain error doctrine are clearly applicable in this case. Because this case involves a sentencing error rather than a trial error, the error is obvious on the face of the record and undeniably prejudicial. Indeed, the error was in manifest violation of the statute. Moreover, there is no conceivable strategic reason for defense counsel to consciously avoid bringing the requirements of the statute to the court's attention. In short, the error was plain and harmful, resulting in the imposition, without adequate findings, of a six-year mandatory term by which Labrum's minimum term of incarceration was expanded from two years to seven.

We therefore vacate the gang enhancement sentence and remand to the trial court for further proceedings in compliance with § 76-2-203.1.

HOWE, DURHAM and RUSSON, JJ., concur.

ZIMMERMAN, Chief Justice, concurring:

I agree with the majority's conclusion that the trial court's failure to enter written findings justifying its imposition of the gang enhancement was plain error under *State v. Eldredge,* 773 P.2d 29, 35-36 (Utah), *cert. denied,* 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989). I write separately only to express my view that nothing in the opinion written for the court by Associate Chief Justice Stewart here should be interpreted as loosening the plain error test adopted by a majority of the court in *Eldredge, see id.* at 35-36 & n. 8, and consistently applied ever since. *See, e.g., State v. Menzies,* 889 P.2d 393, 403 (Utah 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 910, 130 L.Ed.2d 792 (1995); *State v. Powell,* 872 P.2d 1027, 1031 (Utah 1994); *State v. Elm,* 808 P.2d 1097, 1100 (Utah 1991). While some language in Justice Stewart's opinion here may appear to coincide with the somewhat less restrictive and more ad hoc approach he proposed in his dissent in *Eldredge,* 773 P.2d at 41-42 (Stewart, J., dissenting), the majority today does not in any way purport to abandon the analysis articulated for the majority in *Eldredge.*