The STATE of Utah, Plaintiff
and Respondent,

v.

Dale L. NELSON, Defendant
and Appellant.

No. 20327.

Supreme Court of Utah.

Sept. 16, 1986.

Don R. Peterson, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Salt Lake City, for plaintiff and respondent.

ZIMMERMAN, Justice:

Defendant Dale L. Nelson appeals his conviction for attempted sexual abuse of a child, a third degree felony. He argues that the admission of a hearsay statement of the child victim contravened the express limitations of subsection 76–5–411(1) of the Code, which makes such statements admissible only under specified circumstances. Alternatively, defendant contends that the statute allowing the admission of such testimony is unconstitutional because it denied him his right to confront a witness against him as guaranteed by both article I, section 12 of the Utah Constitution and the sixth amendment of the United States Constitution. We disagree and affirm the conviction.

On February 4, 1984, the victim, then aged eight, was visiting her paternal grandparents. The girl had been upstairs with her grandfather when, according to the trial testimony of her grandmother, she came downstairs and stated, "Grandpa pulled down my zipper." The incident was reported and subsequently investigated by Patti Winn, a detective with the Orem Police Department. On February 8th, Detective Winn interviewed the victim at her home. According to Winn's trial testimony, the victim said that defendant pulled her up onto his lap, unzipped the front of her pants, pulled her underpants aside, and rubbed her genitals. He stopped when another grandchild entered the room.

Winn also testified at trial regarding a pretrial interview she had with defendant. In the interview, defendant at first denied the incident, stating that his daughter-in-law, the victim's mother, was "out to get him." However, later in the interview he admitted to drinking some bourbon and fondling the child in the hope that he could overcome a sexual dysfunction of some twelve years' standing.[1]

At a bench trial on September 20, 1984, the State called the victim and Detective Winn as its only witnesses. On direct examination, the child testified that she knew Detective Winn, that Winn had talked with her during the previous winter, that she knew the difference between lying and telling the truth, and that she had told Winn the truth. She did not describe the incident in question. On cross-examination, defense counsel did not ask the child any questions about the substance of her conversation with Winn or about the alleged incident. There was no redirect examination, and the child was dismissed. The prosecution's version of the incident came in through Detective Winn as she described her interviews with the victim and with defendant.

Defendant testified that he was concerned about some unspecified prior occurrence involving his granddaughter. To explore that concern, he requested that the child come over to where he was sitting. He then asked her whether anyone had pulled down her zipper, demonstrating by doing so himself. Defendant stated that he did not unzip the child's pants below her navel, nor did he fondle her or tell Detective Winn that he had done so. He further stated that because he suffered from an ailment called Perone's Disease, he was incapable of feeling any sexual desire. The court found defendant guilty of attempted sexual abuse of a child. This appeal followed.

---

1. Winn's interview with defendant, although not recorded, was the subject of a police report that was apparently used at trial to refresh Detective Winn's recollection. The report was not included in the record on appeal.

Defendant first contends that the out-of-court statements of the victim should not have been admitted because the prerequisites for such admission set out in subsection 76–5–411(1) were not satisfied. As it read at the time of defendant's trial, subsection 76–5–411(1) provided as follows:

> (1) Notwithstanding any other provision of law or rule of evidence, a child victim's out of court statement regarding sexual abuse of the child is admissible into evidence though it does not qualify under an existing hearsay exception, *so long as: (1) the child testifies; or (2) in the event the child does not testify, there is other corroborative evidence of the abuse.* Before admitting such a statement into evidence, the judge shall determine whether the general purposes of the evidence are such that the interest of justice will best be served by admission of the statement into evidence. In addition, the court shall consider the age and maturity of the child, the nature and duration of the abuse, the relationship of the child to the offender, the reliability of the assertion, and the reliability of the child witness, in deciding whether to admit such a statement.

1983 Utah Laws ch. 88, § 30 (emphasis added).[2]

 Because there was no "other corroborative evidence of the abuse," as required by subsection (1)(2) of the statute, the propriety of admitting the victim's out-of-court statements as direct evidence of the crime depends initially on whether the child "testifies" within the meaning of subsection (1)(1). Defendant contends that this subsection is not satisfied if the victim merely takes the stand; rather, it requires that the victim testify about the incident that constitutes the grounds for the criminal charges. We reject this argument as a matter of statutory construction. The statute requires only that the child declarant testify; it does not require that his or her testimony cover any specific subject matter.

This reading of the statute is consistent with the apparent purpose of subsections 76–5–411(1)(1) and (1)(2). When the two preconditions on the admission of hearsay statements by child victims there set out are read together, it appears that the legislature thought that adequate corroboration for the admission of hearsay statements by the victim would be provided if the victim was present in court to corroborate the hearsay or if there was other extrinsic evidence supporting the truth of the hearsay statements. Given this reasoning, the statute appears to be satisfied if the victim takes the stand and is subject to examination on the substance of the hearsay statement. No real purpose would be served by imposing a mechanical requirement that the child make an in-court formalistic statement of the substance of the out-of-court declaration before the hearsay is admitted. It should be enough that the victim is available at trial for examination on the matter.

 In the present case, as noted *infra,* the victim was available to testify on cross-examination regarding the subject matter of the hearsay declarations. Therefore, the corroborative function the legislature apparently intended to be fulfilled by the requirement that the child testify was satisfied. The fact that defense counsel did not elicit any testimony on the point cannot be used as a basis for excluding the out-of-court hearsay. Defendant's conviction therefore cannot be set aside on the basis that the statutory requirements relating to the admission of hearsay statements were not satisfied.[3]

---

2. In 1985, section 76–5–411 was extensively amended, although the basic thrust of the statute remains the same. *See* 1985 Utah Laws ch. 74, § 2.

3. One further point not raised by defendant on appeal deserves comment nonetheless because of the importance it has for the operation of the statute. Before out-of-court statements by a child can be admitted for the truth of the matter asserted, they must satisfy not only the alternative tests set out in subparts (1) and (2) of subsection 76–5–411(1), but also the test contained in the last two sentences of 76–5–411(1). At the time of defendant's trial, those two sentences read as follows:

> Before admitting such a statement into evidence, the judge shall determine whether the

Defendant next contends that even if the statutory requirements were met, the admission of hearsay statements pursuant to the statute violates his right to confront witnesses guaranteed by the state and federal constitutions. U.S. Const. amend. VI; Utah Const. art. I, § 12. Defendant makes two subsidiary arguments. First, he constitutionalizes his statutory construction argument by contending that unless the victim takes the stand and testifies about the incident in question, he will not be "confronted by the witnesses against him." Utah Const. art. I, § 12; *see* U.S. Const. amend. VI. This argument is without merit. The United States Supreme Court has stated that "where the declarant is not absent, but is present to testify and to submit to cross-examination ... the admission of his out-of-court statements does not create a confrontation problem" under the federal constitution. *California v. Green*, 399 U.S. 149, 162, 90 S.Ct. 1930, 1937, 26 L.Ed.2d 489 (1970). There is nothing in *Green* to suggest that the witness's testimony on direct examination must cover any

particular subject matter. Although the issue has not been decided under the Utah Constitution, we are not persuaded that the rule should be different. The essence of the confrontation right is the opportunity to have the accusing witness in court and subject to cross-examination, so that bias and credibility can be evaluated by the finder of fact. *E.g., State v. Anderson*, 612 P.2d 778, 785 (Utah 1980). If the witness is physically present and subject to cross-examination, as occurred here, these values would seem to be satisfied. *See State v. Jolley*, 571 P.2d 582, 585–86 (Utah 1977); *State v. Mastropetre*, 400 A.2d 276, 281 (Conn.1978).

Defendant's alternative constitutional argument is that even though the victim took the stand and was subject to cross-examination, his right to confrontation was denied because the child was not amenable to a full and fair cross-examination for two reasons. First, he contends that because the prosecutor did not inquire into the sub-

general purposes of the evidence are such that the interest of justice will best be served by admission of the statement into evidence. In addition, the court shall consider the age and maturity of the child, the nature and duration of the abuse, the relationship of the child to the offender, the reliability of the assertion, and the reliability of the child witness, in deciding whether to admit such a statement. 1983 Utah Laws ch. 88, § 30. This language was slightly modified by the legislature in 1985 and placed into a separate subsection (2) of section 76–5–411, but the change does not appear to have been of substance.

The admission of hearsay statements may offend the confrontation clauses of both the state and the federal constitutions unless such hearsay statements exhibit "particularized guarantees of trustworthiness." *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980); *State v. Brooks*, 638 P.2d 537, 539–41 (Utah 1981). Subsection 76–5–411(1) specifically addresses the trustworthiness issue by listing a number of factors the trial judge must consider before admitting such evidence. These factors are intended to prompt a comprehensive inquiry into all the circumstances surrounding the child's out-of-court statement in order to determine its reliability. It is noteworthy that subsection 76–5–411(1) requires a determination of reliability without regard to whether the hearsay declarant is available. The importance of such an inquiry cannot be overemphasized.

In any case involving a proffer of hearsay statements by a child victim, the trial court *must* make an in-depth evaluation of the proposed testimony as required by subsection 76–5–411(1). This inquiry may require consideration of some matters not specifically mentioned in the statute. For example, to determine the reliability of the statement, a court should consider how soon after the event it was given, whether the statement was spontaneous, the questions asked to elicit it, the number of times the statement was repeated or rehearsed, and whether the statement is reproduced verbatim in court, *viz.*, tape recording, video tape, or otherwise. *See generally* Unif.R.Evid. 807 (rule adopted August 1986). The trial court should then enter findings and conclusions regarding each of the factors listed in the statute to explain its reasons for admitting or excluding the testimony. Only when these steps are taken can a defendant be assured that the statutorily required appraisal has been made. Further, only when such steps are taken can this Court properly perform its appellate review function. *Cf. State in re Clatterbuck*, 700 P.2d 1076, 1081–82 (Utah 1985).

In the present case, the trial court did not make the findings required by section 76–5–411. However, since the matter was not raised below or here, any error was waived. We therefore do not reach the question of whether a trial court must make such findings *sua sponte* and in the absence of a request by counsel. *But see State in re Clatterbuck*, 700 P.2d at 1081.

stance of the conversation between the child and the detective, cross-examination on the details of the alleged abuse incident would have been beyond the scope of direct examination. Second, he asserts that the child was so emotionally upset that she could not be questioned effectively. This argument fails on both counts.

 On direct examination, the child stated that she had talked with Detective Winn and had told her the truth. The State did not ask the victim any questions about the substance of that conversation, apparently choosing to leave the details to Detective Winn's testimony. There is no doubt, however, that the State fully opened the door for the defense on cross-examination to question the child concerning the substance of that conversation. *See State v. Green,* 578 P.2d 512, 514 (Utah 1978); *cf. State v. Jarrell,* 608 P.2d 218, 228 (Utah 1980). Yet on cross-examination, the defense made no attempt to follow up on the prosecution's opening. In addition, the defense did not seek to recall the victim after Detective Winn's testimony. Defense counsel may have elected to forego cross-examination regarding the incident, but that does not mean that the opportunity was not available. It is the opportunity to cross-examine that is guaranteed by the state and federal constitutions, not whether that opportunity is exercised. Under the circumstances, we find no denial of the right of confrontation. *See State v. Jolley,* 571 P.2d at 586; *State v. Mastropetre,* 400 A.2d at 281.

Defendant also argues that his counsel had no meaningful opportunity to cross-examine the child because when she took the stand she was emotionally distraught. In his brief, counsel states, "The little girl was very scared, very nervous, and in tears." In essence, the argument is that the victim was psychologically unavailable to testify. *See* Myers, *The Legal Response to Child Abuse: In the Best Interest of Children?,* 24 J.Fam.L. 149, 227–28 (1985–86). However, nothing in the trial transcript indicates the child's emotional state. If the child was so upset as to raise a confrontation issue of constitutional dimensions, defense counsel should have made a record on the point. Absent any indication that this issue was raised at trial, it cannot be considered for the first time on appeal. *State v. Jones,* 657 P.2d 1263, 1267 (Utah 1982); *State v. Wulffenstein,* 657 P.2d 289, 293 (Utah 1982), *cert. denied,* 460 U.S. 1044, 103 S.Ct. 1443, 75 L.Ed.2d 799 (1983).

The decision of the trial court is affirmed.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., concurs in the result.