2011 UT App 2

**STATE of Utah, Plaintiff and Appellee,**

v.

**Phong NGUYEN, Defendant and Appellant.**

No. 20090077–CA.

Court of Appeals of Utah.

Jan. 6, 2011.

---

Debra M. Nelson and Stephen W. Howard, Salt Lake City, for Appellant.

Mark L. Shurtleff and Christine F. Soltis, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## OPINION

McHUGH, Associate Presiding Judge:

¶ 1 Phong Nguyen appeals from his convictions for two counts of aggravated sexual abuse of a child, first degree felonies, *see* Utah Code Ann. § 76–5–404.1 (2008); two counts of sodomy on a child, first degree felonies, *see id.* § 76–5–403.1; and one count of attempted rape of a child, a first degree felony, *see id.* §§ 76–4–102(c), –5–402.1. Nguyen argues that the trial court erred in admitting the videotaped testimony of the eleven-year-old child victim (Stepdaughter) [1] and that the prosecutor violated Nguyen's Fifth Amendment right to remain silent, *see* U.S. Const. amend. V, by inappropriately commenting on his decision not to testify. We affirm.

1. Although Nguyen and the child victim's mother were not married, they lived together for several years. We refer to the child as "Stepdaughter" to protect her identity and to avoid the use of initials for the convenience of the reader.

2. The Statute was repealed by the legislature in 2009, *see* Utah Code Ann. § 76–5–411 (Supp. 2010), just after trial in this case. The Rule,

## BACKGROUND

¶ 2 Nguyen was charged with multiple sex offenses based on allegations made by Stepdaughter. According to Stepdaughter, there were three separate incidents of sexual abuse that occurred between December 2006 and June 2007. In September 2007, a detective interviewed Stepdaughter at the Children's Justice Center. In the videotaped interview, Stepdaughter described each incident in detail. While doing so, Stepdaughter began sobbing; the videotape reflects that Stepdaughter continued to cry for about three minutes before the interview could continue.

¶ 3 The prosecution requested that the trial court admit the videotape of the interview at trial pursuant to Utah Code section 76–5–411 (the Statute) and rule 15.5 of the Utah Rules of Criminal Procedure (the Rule) (collectively, the child witness exception).[2] Nguyen objected to the admission of the videotaped testimony, arguing that the State had failed to demonstrate "good cause" for admitting it, *see generally* Utah R.Crim. P. 15.5(1), and that doing so was not in the "interest of justice," *see generally id.* R. 15.5(1)(g); Utah Code Ann. § 76–5–411(2). The trial court concluded that the interview met the reliability requirements of the child witness exception and that admitting it was in the interest of justice, but did not make a separate finding that there was good cause to admit the videotaped interview.

■ ¶ 4 At trial on October 29, 2008, a version of the videotaped interview, from which the three minutes of sobbing had been redacted, was played for the jury. Stepdaughter also testified in person, confirming that the statements she made in her interview were true and answering general questions regarding the abuse and her subsequent disclosure. However, Stepdaughter did not repeat the details of the three incidents during her live testimony at trial.

which was rewritten effective November 1, 2008, *see* Utah R.Crim. P. 15.5 history (2010), is now the sole provision governing the admissibility of recorded statements by child victims of sexual abuse. References to the Rule throughout this opinion refer to the 2007 version in effect during Nguyen's trial unless otherwise indicated.

Nguyen's counsel chose not to cross-examine Stepdaughter and did not call any defense witnesses; Nguyen exercised his right not to testify provided by the Fifth Amendment to the United States Constitution. *See generally* U.S. Const. amend. V.[3]

¶ 5 During closing argument, the prosecutor reminded the jury of the trial court's instruction to base the verdict "only on the evidence produced here in court," and then stated that the only evidence of what occurred was presented by Stepdaughter, whose testimony was not contested or impeached. Upon objection from the defense, the lawyers participated in an off-the-record discussion with the trial judge. Both parties agree that the defense made a motion for a mistrial on the ground that the prosecutor's comments were an indirect comment on Nguyen's decision not to testify. When the court allowed the prosecutor to continue, the prosecutor again emphasized the defense's failure to present evidence contradicting Stepdaughter's testimony or suggesting a motive for Stepdaughter to prevaricate.

¶ 6 The defense renewed its motion for a mistrial, arguing that the prosecutor's statements were "at a minimum an indirect reference [to] Mr. Nguyen not taking the stand." Although it considered the prosecutor's statements "close to the line," the trial court denied the motion for a mistrial. Instead, the trial court offered to give a curative instruction, which the defense declined. During the State's rebuttal argument, the prosecutor clarified,

> [Defense counsel] has talked about the presumption of innocence, the right to remain silent, and no duty to present any evidence from the Defense. Those are absolute constitutional bedrock principles. I agree with them wholeheartedly. I have taken an oath as the State's prosecutor to uphold the Constitution of the United

States, the State of Utah, and the laws of the State of Utah. I don't want you to do anything to abrogate those principles in this case.

The jury convicted Nguyen on all counts, and he filed a timely appeal.

## ISSUES AND STANDARDS OF REVIEW

¶ 7 First, Nguyen argues that the trial court erred by admitting Stepdaughter's videotaped interview under the child witness exception because the trial court did not find good cause to admit the evidence. *See* Utah R.Crim. P. 15.5 (allowing the out-of-court statements of the child victim to be admitted at the trial of the accused perpetrator upon "good cause shown"). Whether the child witness exception requires the trial court to make a finding of fact on a specific matter is a question of law, which we review for correctness. *See State v. McClellan*, 2009 UT 50, ¶ 17, 216 P.3d 956 ("[W]e review the legal questions underlying the admissibility of evidence for correctness.").[4]

¶ 8 Second, Nguyen contends that the trial court should have granted his motion for a mistrial because the prosecutor inappropriately commented on Nguyen's decision not to testify. Although we "review rulings on motions for a mistrial based on prosecutorial misconduct for abuse of discretion," *State v. Reed*, 2000 UT 68, ¶ 18, 8 P.3d 1025, "legal determinations made by the trial court as a basis for its denial of a new trial motion are reviewed for correctness," *State v. Pritchett*, 2003 UT 24, ¶ 15, 69 P.3d 1278 (internal quotation marks omitted).

¶ 9 Third, Nguyen asserts that reversal is warranted due to the combined prejudicial impact of the various errors he alleges were made in the trial court. We will reverse a jury verdict under the cumulative error doctrine only when the cumulative effect of the multiple yet individually harmless

---

3. The Fifth Amendment of the United States Constitution is applicable to the states through the Fourteenth Amendment. *See State v. Hales*, 2007 UT 14, ¶ 42, 152 P.3d 321. *See generally* U.S. Const. amend. XIV.

4. Because we agree with the State that Nguyen has not marshaled the evidence supporting the trial court's findings of fact, we limit our review

to Nguyen's contention that the trial court used an incorrect legal standard in applying the child witness exception. *See Ostermiller v. Ostermiller*, 2010 UT 43, ¶¶ 19–24, 233 P.3d 489 (holding that the appellate court may decline to address a challenge to the trial court's factual finding when the challenger has failed to marshal the evidence supporting the finding).

errors undermines our confidence that the defendant received a fair trial. *See State v. Dunn*, 850 P.2d 1201, 1229 (Utah 1993).

## ANALYSIS

### I. Admission of Videotaped Testimony

¶ 10 Our rules of evidence are designed to permit the introduction of relevant and reliable evidence "to the end that the truth may be ascertained and proceedings justly determined." Utah R. Evid. 102. Generally, out-of-court statements offered for the truth of the matter asserted—hearsay—are not admissible. *See id.* R. 801(c), 802. However, various exceptions to that rule have been recognized, *see id.* R. 803, due to the acknowledgment that certain categories of hearsay statements are inherently reliable. *See State v. Workman*, 2005 UT 66, ¶ 14, 122 P.3d 639 ("[H]earsay statements that have sufficient indicia of reliability are admissible." (internal quotation marks omitted)). Both the Statute and the Rule are predicated upon requirements designed to assure that the child's hearsay statement is reliable. *See State v. Seale*, 853 P.2d 862, 871 (Utah 1993) ("Although both provisions are couched in slightly different terms, both seek the same end—a determination that proffered out-of-court statements are sufficiently reliable and trustworthy to be admitted."). Before admitting the out-of-court statements of a child victim, the trial court must determine "whether the interest of justice will best be served by admission" of the child's statement. *State v. Pecht*, 2002 UT 41, ¶ 19, 48 P.3d 931 (internal quotation marks omitted); *see also* Utah Code Ann. § 76-5-411(2) (2008); Utah R.Crim. P. 15.5(1)(g). In doing so, the trial court must consider certain factors identified in the Statute and the Rule, as well as by judicial precedent. *See Pecht*, 2002 UT 41, ¶¶ 19-20, 48 P.3d 931 (citing *State v. Nelson*, 725 P.2d 1353, 1356 n. 3 (Utah 1986)); *see also* Utah Code Ann. § 76-5-411(2); Utah R.Crim. P. 15.5(1)(a)-(f).[5]

¶ 11 In ruling on the State's motion to admit Stepdaughter's videotaped interview,

the trial court made detailed written findings of fact on these factors and concluded that Stepdaughter's interview was reliable and that the interest of justice would best be served by its admission. Nguyen contests only one of these conclusions—that the interest of justice would be furthered by admitting the testimony, *see* Utah Code Ann. § 76-5-411(2); Utah R.Crim. P. 15.5(1)(g). However, Nguyen does so not by challenging the findings of fact that the trial court did make but by arguing that the interest of justice analysis also requires the trial court "to find that there was a need for the videotape and [that it was] not just a needless presentation of cumulative evidence." (Internal quotation marks omitted.) *See generally* Utah R.Crim. P. 15.5(1) (providing that a child victim's videotaped testimony is admissible "upon motion and for good cause shown" if the requirements of the Rule are met); Utah R. Evid. 403 (permitting exclusion of relevant evidence where "needless presentation of cumulative evidence" substantially outweighs the probative value of the evidence).

¶ 12 We begin our analysis by examining the language of the child witness exception. *See State v. Harker*, 2010 UT 56, ¶ 12, 240 P.3d 780 (holding that the primary objective when interpreting a statute is to give effect to the legislative intent by first looking at its plain language); *see also Clark v. Archer*, 2010 UT 57, ¶ 9, 242 P.3d 758 (same for procedural rules). At the time of Nguyen's trial, the child witness exception was comprised of two provisions. The first is the Statute, which then provided, in relevant part,

(1) Notwithstanding any rule of evidence, a child victim's out-of-court statement regarding sexual abuse of that child is admissible as evidence although it does not qualify under an existing hearsay exception, if:

(a) the child is available to testify in court . . . ; [or]

. . . .

---

5. While written findings are strongly recommended, "where the record as a whole sufficiently indicates that the comprehensive inquiries mandated by [the Statute] and [*State v. Nelson*,

725 P.2d 1353, 1356 n. 3 (Utah 1986),] have been made, an absence of written findings will not invalidate the trial court's conclusions." *State v. Pecht*, 2002 UT 41, ¶ 34, 48 P.3d 931.

(c) the statement qualifies for admission under Rule 15.5(1), Utah Rules Criminal Procedure.

(2) Prior to admission of any statement into evidence under this section, *the judge shall determine whether the interest of justice will best be served by admission of that statement.* In making this determination the judge shall consider the age and maturity of the child, the nature and duration of the abuse, the relationship of the child to the offender, and the reliability of the assertion and of the child.

. . . .

(4) For purposes of this section, a child is a person under the age of 14 years.

Utah Code Ann. § 76–5–411 (emphasis added).[6]

¶ 13 The second provision that governed the child witness exception at the time of Nguyen's trial is the Rule, which then stated, in relevant part,

(1) In any case concerning a charge of child abuse or of a sexual offense against a child, the oral statement of a victim or witness younger than 14 years of age may be recorded prior to the filing of an information or indictment, and *upon motion and for good cause shown* is admissible as evidence in any court proceeding regarding the offense if all of the following conditions are met:

. . . .

(1)(g) the court views the recording before it is shown to the jury and determines that it is sufficiently reliable and trustworthy and that *the interest of justice will best be served by admission of the statement into evidence;* and

(1)(h) the child is available to testify and to be cross-examined at trial . . . or the court determines that the child is unavailable. . . .

Utah R.Crim. P. 15.5 (emphases added). Our supreme court has noted that "all the requirements of both provisions must be met" for the child's out-of-court statement to be properly admitted. *Seale,* 853 P.2d at 870–71.

¶ 14 Nguyen notes that the Rule states that it is applicable "upon motion and for good cause shown," and argues that this requires that the trial court make findings of fact supporting a conclusion that there is a special need for the evidence. We are not convinced. The good cause reference is qualified by the language "if all of the following conditions are met." *See* Utah R.Crim. P. 15.5(1). Those conditions are extensive and include subsection (8), which provides that the court must "view[ ] the recording before it is shown to the jury and determine[ ] that it is sufficiently reliable and trustworthy and that the interest of justice will best be served by admission of the statement into evidence."[7] Utah R.Crim. P. 15.5(1)(g). The concepts of "for good cause shown" and that "the interest of justice will best be served" are related.[8] *See State v. Lamper,* 779 P.2d 1125, 1129 (Utah 1989) (noting that the versions of the Statute and the Rule then in effect, contained "analogous, if not identical, requirement[s]"). *Compare* Utah Code Ann. § 76–5–411 (making no reference to "good cause shown"), *with* Utah R.Crim. P. 15.5(1) (stating "upon motion and for good cause shown"). Where the trial court considers all of the factors, reviews the recorded statement, and concludes that the interest of justice will best be served by its admission, that determination also necessarily meets the requirement that there be good cause to admit the out-of-court statement.

¶ 15 Furthermore, Nguyen's interpretation is contrary to the evolution of and purpose behind Utah's child witness exception. The version of the Rule in effect at the time of Nguyen's trial provides different require-

---

**6.** This statute has since been repealed. *See supra* note 2.

**7.** Nguyen does not challenge the trial court's conclusion that the videotape of Stepdaughter's interview is reliable and trustworthy.

**8.** Nguyen's definition of "good cause" as "a need for" the evidence is too restrictive. Many rules

and statutes governing trial practice require "good cause shown," yet are not predicated only upon the special need for the relief sought or the information requested. *See, e.g., Lafferty v. State,* 2007 UT 73, ¶ 47, 175 P.3d 530 (equating the "good cause" requirement of rule 65C(c) of the Utah Rule of Civil Procedure with "basic fairness").

ments for the admission of out-of-court statements of child victims who will "testify and ... be cross-examined at trial" than of those who will not. *See* Utah R.Crim. P. 15.5(1)(h). The trial court is required to make a finding similar to Nguyen's proposed "need for the evidence" only when the child will not also testify. *See id.* When the child will not be available for cross-examination at trial, the child's out-of-court statement is admissible only if "the court determines that the child is unavailable as a witness to testify at trial under the Utah Rules of Evidence," or the trial court determines, "based on medical or psychological evidence or expert testimony, that the child would suffer serious emotional or mental strain if required to testify at trial." *Id.* In determining whether a child is "unavailable," the trial court has sometimes considered the child's inability to testify meaningfully at trial. *See, e.g., State v. Thomas,* 1999 UT 2, ¶¶ 5, 22, 974 P.2d 269 (upholding trial court's finding that child victim was unavailable where the child would not respond to basic questioning). *But see State v. Seale,* 853 P.2d 862, 873 (Utah 1993) (affirming admission of videotaped interview and holding that child was available for cross-examination despite child's "total failure of recollection at trial"). Under Nguyen's theory, a special need for the evidence would also be required to support a showing of good cause for its admission despite the child's testimony at trial. Nguyen's interpretation ignores the plain language of the Rule.

¶ 16 Where the child will testify and be available for cross-examination, there is no requirement that the trial court find the child unavailable, whether as a result of serious mental strain or otherwise. *See* Utah R.Crim. P. 15.5(1)(h) (requiring a finding that the child is "unavailable" only if the child will not testify at trial).[9] Under those circum-

stances, both the Statute and the Rule require only that the conditions of reliability be met and that the interest of justice be best served by admission of the statement. *See generally* Utah Code Ann. § 76–5–411 (2008); Utah R.Crim. P. 15.5.

¶ 17 Despite this clear distinction in the plain language of the Rule, Nguyen asks us to impose an unavailability-type requirement, which he defines as a special need for the evidence, in situations where the child will testify. We conclude that to do so would add an unintended condition to the child witness exception to the hearsay rule. Nguyen's right of confrontation has not been denied or restricted. *See State v. Pecht,* 2002 UT 41, ¶ 39, 48 P.3d 931 (holding that where child testified on limited topics and the defense waived cross-examination, the defendant had an opportunity to confront the child on both the matters addressed during direct examination and the more detailed information contained in the child's videotaped interview); *State v. Nelson,* 725 P.2d 1353, 1354–55 (Utah 1986) (holding that where the child testified that statements made to a detective were true and the detective testified as to the substance of those statements, the defendant was afforded an opportunity to confront the child for purposes of the confrontation clause). Thus, the unavailability requirement designed to address confrontation clause concerns, albeit ineffectively, *see supra* note 9, has no application here.

¶ 18 Instead, as with other hearsay exceptions, the focus in determining whether the interest of justice will best be served by admission of the out-of-court statement of a testifying child victim of sexual assault is on the reliability of that statement. *See* Utah R.Crim. P. 15.5(1)(a)–(g) (requiring conditions of reliability); *see also Lamper,* 779

9. The determination that the child is "unavailable" was thought to be a legitimate justification for encroaching on the defendant's Fifth Amendment right of confrontation. *See Julian v. State,* 966 P.2d 249, 255 (Utah 1998) (explaining that the Statute was adopted "to facilitate the admission of child victims' out-of-court statements while at the same time satisfying constitutional requirements"). *See generally* U.S. Const. amend. V. However, the Supreme Court's ruling in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), invalidated that assumption, holding that the Fifth Amendment bars the admission of out-of-court testimonial statements, irrespective of the justification, unless the defendant has been given an opportunity to cross-examine the declarant. *See id.* at 68–69, 124 S.Ct. 1354. The current version of the Rule incorporates this requirement by permitting out-of-court statements by unavailable child witnesses only where "the defendant had a previous opportunity to cross-examine the child concerning the recorded statement." Utah R.Crim. P. 15.5(a)(1) (2009).

P.2d at 1129 (holding that the findings and conclusions explaining why "the interest of justice will best be served" by admitting the evidence "are to focus on the trustworthiness and reliability of the [child's] out-of-court statements" (citing *Nelson*, 725 P.2d at 1356 n. 3)). And the State is correct that judicial interpretation of the exception has not required more.

■ ¶ 19 In *State v. Pecht*, 2002 UT 41, 48 P.3d 931, the trial court reviewed videotaped interviews of the child victim and her brother and found that the children were reliable and trustworthy due to their "responsiveness and maturity." [10] *See id.* ¶¶ 7–8. Both children testified at trial via closed circuit television, *see id.* ¶ 12, and their videotaped testimony was also admitted and played for the jury, *see id.* ¶¶ 9, 37–39. In considering the defendant's challenge to the evidence on appeal, our supreme court summarized the requirements of the Statute,[11] stating that the trial court

> must specifically consider[ ] whether the interest of justice will best be served by admission of that statement. In making that determination the judge shall consider (1) the age and maturity of the child, (2) the nature and duration of the abuse, (3) the relationship of the child to the offender, and (4) the reliability of the assertion and of the child.

*Id.* ¶ 19 (internal quotation marks omitted); *see also State v. Lamper*, 779 P.2d 1125, 1127–29 (Utah 1989) (applying both the Statute and the Rule and holding that the trial court was required "to enter findings and conclusions explaining in detail its analysis of the reliability and trustworthiness" of the out-of-court statement as well as "that the interest of justice will best be served by admission of the out-of-court statement" (internal quotation marks omitted)). *But see State v. Nelson*, 777 P.2d 479, 482 (Utah 1989) (holding that out-of-court statements were improperly admitted under the "catch-all" exception to the hearsay rule, *see* Utah R. Evid. 807, and stating in dicta that "[u]nder [the Statute], the court must carefully weigh the reliability of the statement *and* the need to admit it into evidence" (emphasis added)). Despite the specific finding by the *Pecht* trial court that the children were responsive and mature, the supreme court did not require any findings or conclusions regarding the cumulative nature of the evidence in light of the children's testimony, or regarding the prosecution's need for the videotapes. *See Pecht*, 2002 UT 41, ¶¶ 19–25, 48 P.3d 931.

¶ 20 That result is consistent with the purposes of the child witness exception. Admitting a child victim's videotaped testimony increases the likelihood that the testimony will be accurate. *See State v. Loughton*, 747 P.2d 426, 429 (Utah 1987) (recognizing that videotaped testimony of an alleged child abuse victim, "made nearer to the time of the incident and removed from the pressure of the courtroom situation, [can] be the most accurate account[ ] of the incident available"). The child witness exception also lessens the burden on children by relieving them of the obligation to provide explicit and disturbing testimony in the intimidating trial forum. *See id.; see also* Recording of Utah Senate Floor Debates, 47th Leg., Gen. Sess. (Feb. 22, 1988) (describing the child witness exception as permitting "videotaped evidence [to] be taken ... rather than [requiring] a child ... to go through the testimony repeatedly and suffer the trauma associated with that"); Recording of Utah Senate Floor Debates, 46th Leg., Gen. Sess. (Feb. 25, 1985) (explaining that the child witness exception is a "very necessary procedure ... to protect these young children" by "videotap[ing] the children so as to avoid the trauma of ... examin[ation] in open court"); Michael B. Wixom, Note, *Videotaping the Testimony of an Abused Child: Necessary Protection for the Child or Unwarranted Compromise of*

---

10. The supreme court held that the videotaped interview of the brother was improperly admitted because the child witness exception then applied only to the child *victim*. *See State v. Pecht*, 2002 UT 41, ¶¶ 35–36, 48 P.3d 931.

11. The State in *Pecht* did not argue that the videotaped interviews were also admissible under the Rule. However, the Statute incorporates the Rule by reference and seeks the same end, and both provisions must be met before a child's out-of-court statement may be admitted. *See State v. Seale*, 853 P.2d 862, 870–71 (Utah 1993).

*the Defendant's Constitutional Rights?*, 1986 Utah L.Rev. 461, 464–66 (suggesting that the child witness exception and similar legislation is "designed" to remedy the shortcomings of the legal system in facilitating the ability of child victims to testify against their abusers).

¶ 21 Nguyen asks us to adopt an interpretation of the exception whereby the very factors that establish the reliability of Stepdaughter's videotaped interview—that Stepdaughter was too old to be easily coached, that she had an intact memory, and that she was articulate, rational, confident, and positive in her assertions—would prevent its admission as unnecessary. However, this position improperly narrows the application of the exception to those instances where a child sexual assault victim can reliably recount the details of the abuse at the time of the interview but has lost the capacity to do so by the time of trial. Nothing in the plain language of either the Rule or the Statute requires such a restrictive application of the child witness exception.

¶ 22 Instead, the legislature has indicated its contrary intent by, on two occasions, extending the reach of the child witness exception. While the initial version of the Statute applied only to children "under the age of ten," *see* Utah Code Ann. § 76–5–411(3) (Supp.1983), within a few short years, the legislature modified the child witness exception to apply to children "under the age of 12," *see id.* (Supp. 1985); Utah Code Ann. § 77–35–15.5 (Supp.1986) (enacting the Rule, which was originally part of the Utah Code), and then further revised it to include children "under the age of 14," *see* Utah Code Ann. § 76–5–411(4) (Supp.1988); Utah Code Ann. § 77–35–15.5 (Supp.1988). Where the child witness exception now applies to victims approaching the age of fourteen years, it is

apparent that many protected children are intelligent, articulate, and capable of accurately recalling events long after they have occurred. Nevertheless, the legislature has extended the reach of the exception to protect these adolescents.[12]

¶ 23 Consistent with the language and rationale of the child witness exception, Stepdaughter was spared the burden of recounting the details of her experiences at trial by use of the videotaped interview. The trial court properly considered the reliability of Stepdaughter's out-of-court statement, entered appropriate findings and conclusions, and determined that the interest of justice would be served by allowing the State to show the redacted videotape to the jury. We hold that the trial court did not err by not making specific findings that the out-of-court statement was necessary or that it was not unduly cumulative or unfairly prejudicial.[13]

## II. Prosecutor's Statements

¶ 24 Next, Nguyen argues that the trial court erred in denying his motion for a mistrial because the prosecutor's statements characterizing Stepdaughter's testimony as "uncontested," "unimpeached," and "the only evidence" the jury had, improperly commented on Nguyen's invocation of his Fifth Amendment right to remain silent.[14] While

> it is improper for either the court or the prosecutor to ask the jury to draw an adverse inference from a defendant's silence[,] ... the protective shield of the Fifth Amendment should [not] be converted into a sword that cuts back on the area of legitimate comment by the prosecutor on the weaknesses in the defense case.

---

**12.** The three minutes recorded by the videotape during which Stepdaughter cried so hard that she could not continue her detailed description of the abuse shows that even articulate, rational, and confident children, who are too old to be easily coached, can be profoundly affected by recounting their intact memories of sexual abuse.

**13.** We note that the prejudicial impact of the videotaped interview was diminished by the State's restraint in not eliciting testimony that repeated the details of the individual incidents of abuse, by the trial court's refusal to allow the

jury to watch the tape again during deliberations, and by the trial court's direction that the State redact the child's emotional breakdown from the version of the video played for the jury.

**14.** Nguyen does not assert that the prosecutor's comments violated his state constitutional privilege against self-incrimination. *See* Utah Const. art. I, § 12. Consequently, we do not address that issue. *See State v. Nelson–Waggoner,* 2004 UT 29, ¶ 29 n. 4, 94 P.3d 186.

*United States v. Robinson,* 485 U.S. 25, 32, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988) (internal quotation marks omitted). "[T]he government is permitted to comment on the failure of the defense, as opposed to the defendant, to counter or explain the evidence...." *United States v. Sandstrom,* 594 F.3d 634, 662 (8th Cir.2010) (internal quotation marks omitted); *accord, e.g., United States v. Rodriguez–Preciado,* 399 F.3d 1118, 1132–33 (9th Cir.2005); *United States v. Grosz,* 76 F.3d 1318, 1326 (5th Cir.1996). Thus, when a prosecutor's comments are directed at the defense and not at the defendant, *compare State v. Humphries,* 818 P.2d 1027, 1029 (Utah 1991) (prosecutor stated directly that the witness "invoked her fifth amendment privilege because she did not want to lie"), *with State v. Nelson–Waggoner,* 2004 UT 29, ¶ 32, 94 P.3d 186 (prosecutor stated indirectly, "[N]o one has told you [where the defendant was on the day of the assault], except for one person, and that is [the accuser]"), they will only be held to violate the defendant's Fifth Amendment rights if they "were of such a character that the jury would naturally and necessarily construe them to be a comment on the defendant's failure to testify." *State v. Tillman,* 750 P.2d 546, 554 (Utah 1987).

¶ 25 The Utah Supreme Court considered prosecutorial comments similar to those made by the prosecutor here in *State v. Nelson–Waggoner,* 2004 UT 29, ¶ 32, 94 P.3d 186, a case in which the defendant was tried on charges that he had sexually assaulted a woman, *see id.* ¶ 8. The defendant exercised his right not to testify, but the defense called three alibi witnesses. *See id.* ¶¶ 13, 29. However, none of the witnesses "could vouch for [the defendant's] whereabouts" on the night of the assault. *See id.* ¶ 13. During closing argument, the prosecutor made ten separate statements reminding the jury that the woman's "trial testimony about the assault was uncontroverted by any [of the] defense witnesses and that [the defendant] had failed to produce helpful relevant alibi witnesses." *Id.* After the jury found him guilty, the defendant appealed, claiming that the prosecutor's comments violated his Fifth Amendment privilege against self-incrimination. *See id.* ¶ 29.

¶ 26 The supreme court affirmed the conviction, explaining,

> A prosecutor has the duty and right to argue the case based on the "total picture shown by the evidence or the lack thereof," including reference to the paucity or absence of evidence adduced by the defense. But prosecutorial comment on a defendant's refusal to testify may violate a defendant's privilege against self-incrimination.

*Id.* ¶ 31 (quoting *State v. Hales,* 652 P.2d 1290, 1291–92 (Utah 1982)). The *Nelson–Waggoner* court noted, however, that even proper comments on the "paucity or absence of evidence" supporting the defense can "be interpreted as an invitation to the jury to convict the defendant because he did not testify." *Id.* ¶ 31. The Utah Supreme Court then clarified that "the constitutional line is crossed only when a remark or an accumulation of remarks present what can fairly be characterized as an overt reference to a defendant's failure to testify." *Id.*

¶ 27 Applying that standard, the *Nelson–Waggoner* court concluded that the following statements, and others like them, made during the prosecutor's closing argument did not cross that line: "[N]o one has told you ... where the defendant was or what he was doing on the [day of the assault]. No one has told you, except for one person, and that is [the accuser]"; "[N]obody knows where he is on the [day of the assault] except for [the accuser]"; "[T]he evidence you heard is clear ... it is undisputed"; "[I]t's the truth because that's all the evidence you've heard. And, in fact, the defendant's brother and two friends took the stand ... and not once did they say, [the accuser is] up in the night"; and "[T]he defendant's brother and his two good friends ... took the stand, they were here available, and not once did they dispute that evidence." *Id.* ¶ 32 (omissions in original) (internal quotation marks omitted). The supreme court determined that "[i]ndividually and collectively, the State's comments constitute 'paucity' statements, and not comments on [the defendant's] silence," because they "provide examples of statements which may, but which must not 'naturally' or 'necessarily,' be interpreted as appeals to convict

[the defendant] because he did not testify." *Id.* ¶ 33; *see also State v. Tilt,* 2004 UT App 395, ¶ 19, 101 P.3d 838 (following *Nelson–Waggoner*). *But see Hales,* 652 P.2d at 1291–92 (noting, but not deciding, that the prosecutor's statement that the defendant "would be the only one to come in and say how it happened" came "perilously close to, if [it did] not exceed, the limits of permissible comment").

¶ 28 The nature of the claims against the defendant in this case and in *Nelson–Waggoner,* as well as the type and frequency of comments by each of the prosecutors, are similar. Both cases involve a charge of sexual misconduct where only the defendant and his accuser were witnesses to the challenged conduct. Likewise, the prosecutors in both cases made numerous references to the lack of evidence presented by the defense to refute the accuser's account. Specifically, Nguyen complains of the following statements by the prosecutor: "The only evidence that you have is the ... uncontested, unimpeached testimony of [Stepdaughter]"; "The only evidence you have is what [Stepdaughter] told you"; "[S]he has been unimpeached"; "Not a single motivation has been raised to show why she would possibly lie in these circumstances"; "There is the complete absence of any evidence of coaching"; "[There is a c]omplete lack of any evidence of any motivation to lie in this case"; and "Completely unimpeached testimony of [Stepdaughter] that this particular event, aggravated sexual abuse of a child, ... took place about a week before Christmas of 2006." We can discern no appreciable difference between these comments and the statements of the prosecutor approved by the supreme court in *Nelson–Waggoner.*

¶ 29 Most of the prosecutor's statements regarding the lack of evidence in this case referred specifically to the failure of Nguyen's defense counsel to present evidence that Stepdaughter might have lied or that she might have been coached. These comments anticipated the suggestion during the

defense's closing argument that Stepdaughter had several potential motivations to lie. It was appropriate for the prosecutor to highlight for the jury that the defense had presented no evidence supporting any of the alleged motivations. Some of the prosecutor's more general comments, including that Stepdaughter's testimony was "the only evidence" before the jury and that her testimony was "uncontested" may have reminded the jury that Nguyen did not testify. However, the prosecutor could properly comment on the "paucity or absence of evidence" presented by the defense to contradict Stepdaughter's testimony or to establish a motive for Stepdaughter to fabricate her allegations against Nguyen. *See Nelson–Waggoner,* 2004 UT 29, ¶ 31, 94 P.3d 186. While it is possible to interpret these statements as an indirect comment on Nguyen's failure to testify, they "must not 'naturally' or 'necessarily,' be interpreted as appeals to convict [Nguyen] because he did not testify." *Id.* ¶ 33. Consequently, the statements were not an "overt reference" to Nguyen's failure to testify and do not cross the constitutional line established by our supreme court, *see id.* ¶ 31. Because the prosecutor's comments in closing argument were permissible, the trial court did not err in denying Nguyen's motion for a mistrial.[15]

## CONCLUSION

¶ 30 The child witness exception does not include a requirement that the trial court make a specific, separate finding of good cause or that the evidence was not unduly cumulative under the child witness exception. Therefore, the unchallenged factual findings support the trial court's conclusions that Stepdaughter's videotaped interview was reliable and that the interest of justice would best be served by its admission. Finally, the prosecutor did not violate Nguyen's constitutional right to remain silent by the comments he made in closing argument.[16]

---

**15.** Furthermore, the prosecutor's clarification on rebuttal that Nguyen was presumed innocent, had the right to remain silent, and had no duty to present any evidence in his defense went a long way toward dispelling whatever confusion may

have been created by his original comments. These concepts were also contained in the trial court's initial instructions to the jury, and Nguyen rejected the trial court's offer to reiterate them in a corrective instruction.

¶ 31 Affirmed.

¶ 32 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and STEPHEN L. ROTH, Judge.

**16.** Because we find no error, we need not consider Nguyen's claim that he has been prejudiced by cumulative error.